348 P.2d 485

Ola CONLEY, Plaintiff-Appellee,

v.

C. L. WIKLE, Defendant-Appellant.

No. 6605.

Supreme Court of New Mexico.

Jan. 14, 1960.

Blythe & Norvell, Clovis, for appellant.

Wesley Quinn, Clovis, for appellee.

CARMODY, Justice.

This is an appeal from an order dismissing plaintiff's action in forcible entry and detainer.

The order of the district court dismissed the case upon the ground that it was premature and that the court was without jurisdiction to hear the same. The only real question involved is who is entitled to the possession of a parcel of real estate, the executor of the estate or the legatee (the widow), when there is litigation pending between the parties as to the separate or community status of other property of the estate.

Two prior cases have been before this court in which the will and the property of A. J. Conley, deceased, have been considered. This is the third. In re Conley's Will, 1954, 58 N.M. 771, 276 P.2d 906, held that the probate court had no jurisdiction to try the widow's controverted claim of title to one-half of certain real estate involved as her share of community property. Conley v. Quinn, 1959, 66 N.M. 242, 346 P.2d 1030, disposed of the question as to which of the deceased's property was community and which was separate. The instant case was filed by Mrs. Conley against the executor's lessee to obtain possession of a quarter section of property which was devised to her by the will of A. J. Conley. This particular piece of property was not at issue in either of the prior cases.

The case was set for trial and argument was had before the court principally based upon the fact that at the time of such argument the appeal in Conley v. Quinn, supra, was pending in the supreme court. Actually, at the time, the appellee's brief had not been filed, although the transcript and the brief of the appellant had.

It is fair to state that since 1952 there had been such a long, protracted course of litigation between Mrs. Conley and Mr. Quinn, as executor, that when this case was to be heard it was almost impossible to determine exactly what were the true contentions of the parties. The executor took the position in the lower court that by reason of Mrs. Conley's appeal in Conley v. Quinn, supra, that she was, in effect, contesting the validity of the will and that therefore she was not entitled to the immediate possession of the property involved. In retrospect, this contention is not borne out in the opinion in the above case, but the trial judge could not be expected to be so clairvoyant as to anticipate the final result. Actually, another trial court in Conley v. Quinn, supra, sustained the validity of the will, although no issue thereon was raised on appeal, and in addition Mrs. Conley has not contested the provisions of the will.

It thus appears that at the time the instant case was to be tried, there was no litigation with reference to the particular piece of property involved other than the fact that the probate proceedings still remained to be closed and that there had been no determination of heirship in that proceeding.

■■ Therefore, it would follow that § 31–7–2, N.M.S.A., 1953 Comp., is material. The above section provides, without quoting the same in full, that the real estate of a decedent passes directly to the heirs or devisees. This particular section of the statute has been considered by us in at least four cases. See Smith v. Steen, 1915, 20 N.M. 436, 150 P. 927; Sylvanus v. Pruett, 1932, 36 N.M. 112, 9 P.2d 142; Dunham v. Stitzberg, 1949, 53 N.M. 81, 201 P.2d 1000; and Medina v. Medina, 1948, 53 N.M. 104, 201 P.2d 1015. Each of these cases construed the statute and, in effect, held that realty passes directly to the heir or devisee and that the administrator does not take the same into his possession unless there is no heir or devisee present to care for it and collect the rentals. Mrs. Conley, as devisee, is obviously not only present but quite anxious to care for the property in issue, so this case is not premature.

■■ With respect to the trial court's finding that it lacked jurisdiction, this would appear to be based upon the fact that Conley v. Quinn, supra, was then pending in this court and that there might be some adjudication which would affect the particular quarter section, although the same was not involved in the case itself. In any event, Conley v. Quinn, supra, had nothing to do with the quarter section involved and its pendency could not affect the instant case because whether it was community or separate property the devise operated to give Mrs. Conley the entire ownership.

The only remaining possible point of issue is the fact that there had been no determination of heirship in the probate court. This fact could not bar the operation of the statute and Mrs. Conley, as a devisee, is entitled to maintain her action without regard to the determination of heirship. Dunham v. Stitzberg, supra. The executor has as his sufficient protection the right to petition the court to sell the property, if need be, to pay the debts of the estate, but in view of the considerable amount of property owned by the decedent as appears in Conley v. Quinn, supra, this would seem to be a very remote possibility.

The case will be reversed with direction to the trial court to reinstate the same on the docket and proceed to hear the same on its merits. It is so ordered.

McGHEE, C. J., and COMPTON and MOISE, JJ., concur.

CHAVEZ, J., not participating.