Edgar Eugene BLACK, Appellant,

v.

TEXAS EMPLOYERS INSURANCE AS-
SOCIATION, Appellee.

No. 7404.

United States Court of Appeals
Tenth Circuit.

Jan. 14, 1964.

Raymond Criswell, Wewoka, Okl., for appellant.

James W. Shepherd, Oklahoma City, Okl., for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

Appellant Black was injured in an industrial accident while working as an employee of Phillips Chemical Company at Borger, Texas. Premised upon admitted diversity jurisdiction, Black subsequently filed suit in the District Court for the Eastern District of Oklahoma against the Panhandle and Santa Fe Railway Company upon claim that his injuries were caused through the negligence of that company. Appellee Texas Employers Insurance Association was allowed to intervene in the action to present a claim for subrogation for amounts paid to Black in appellee's capacity as insurance carrier for Phillips under the workmen's compensation laws of Texas. Trial of the cause to a jury resulted in a judgment for $5,000.00 favoring Black and against the defendant railroad, and this amount was paid into the registry

of the court in satisfaction of the railroad's liability. By summary order the trial court then released to Black the sum of $1,681.05 and directed that the balance of the recovery, $3,318.95, the agreed amount paid by appellee to appellant, be awarded to appellee as subrogee. This appeal attacks the correctness of the trial court's order D.C.Okl., 222 F.Supp. 308 allowing appellee to intervene and its ruling that appellee is entitled to subrogation under the workmen's compensation laws of Texas.

 Appellee's right to successfully intervene is dependent upon its right to subrogation. If subrogated, a compensation insurer may intervene in an action against a third party tort-feasor as a matter of right under Fed.Rules Civ. Proc. rule 24(a). Kelley v. Summers, 10 Cir., 210 F.2d 665. And the diversity jurisdiction of the court is not divested if the citizenship of the intervenor and the defendant is the same, as here. Amen v. Black, 10 Cir., 234 F.2d 12. Our dispositive determination may thus be limited to a consideration of appellee's right to subrogation under the undisputed factual background of the case.

In September, 1960, following his accident in March, appellant filed a claim for workmen's compensation benefits with the Industrial Accident Board of the State of Texas. Thereupon, appellee, as compensation carrier for appellant's employer, began paying compensation and medical expenses which by May, 1961, totalled $1,318.95. Still later, appellee paid directly to appellant the further sum of $2,000.00 through a settlement agreement made by the parties and approved by the Texas Industrial Accident Board pursuant to Vernon's Ann. Civ.St.Tex. art. 8307, § 12, which provides in part:

"Where the liability of the association or the extent of the injury of the employé is uncertain, indefinite or incapable of being satisfactorily established, the board may approve any compromise, adjustment, settlement or commutation thereof made between the parties."

The total of such amounts paid to or for appellant by appellee form the basis for the carrier's claim to subrogation asserted under the compulsion of Vernon's Ann.Civ.St.Tex. art. 8307, § 6a.[1]

 Although sections 6a and 12 of article 8307 are each part of the Texas Compensation Act and should, under ordinary rules of statutory construction, be interpreted, if possible, to give correlation to the general purposes of the Act through interrelation, Lumberman's Reciprocal Ass'n v. Day, Tex.Com.App., 17 S.W.2d 1043, appellant strenuously urges that a settlement effectuated under section 12 is but a common law release of disputed liability and cannot give rise to a right of subrogation. Appellant points out that such a settlement is not

1. "Sec. 6a. Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employé or his beneficiaries and the approval of the board, upon a hearing thereof."

an "award of compensation" such as to retain continuing jurisdiction with the Board and that once consummated and approved the settlement can only be set aside by a common law court applying common law principles. See Commercial Cas. Ins. Co. v. Hilton, 126 Tex. 497, 87 S.W.2d 1081; Texas Employers Ins. Ass'n v. Watkins, Tex.Civ.App., 90 S.W. 2d 622, appeal dismissed, 130 Tex. 383, 110 S.W.2d 1153. The argument is somewhat ingenious but fails to recognize that section 6a allows subrogation to the carrier where compensation is "claimed" by the injured employee; that the general purpose of the compensation act is to allow an injured employee relief with or without fault upon the part of the employer but not to allow such employee double recovery where fault lies with a third party; and that if subrogation were denied the carrier upon settlement it would tend to discourage the orderly disposition of claims by compromise.

The decisions of Texas courts indicate that a technical "award" of compensation is not necessary to bottom subrogation and that a settlement of a claim to an award gives right to statutory subrogation. Traders & General Ins. Co. v. West Texas Util. Co., 140 Tex. 57, 165 S.W.2d 713. And in Brooks v. Lucky, Tex.Civ.App., 308 S.W.2d 273, although the court was directly considering a question of limitation, the right of subrogation was recognized where the carrier had initially paid weekly benefits and had later settled by agreement approved by the Industrial Accident Board. The basic right of subrogation is also recognized by the Fifth Circuit interpreting Texas law in Standard Oil Co. of Texas v. Swinney, 201 F.2d 133. We think it clear that amounts paid by appellee pursuant to a settlement made under Vernon's Ann.Civ.St.Tex. art. 8307, § 12, give right to subrogation under section 6a.

Appellant also claims that any right of subrogation in appellee was lost in the case at bar because "appellee did not make a case against the defendant."

It is true that the right of subrogation may be waived, Traders & General Ins. Co. v. West Texas Util. Co., 140 Tex. 57, 165 S.W.2d 713; that the right must be asserted by timely intervention, Kelley v. Summers, 10 Cir., 210 F.2d 665; and that the intervenor's claim must be included as an element of the injured employee's case against the third party tortfeasor. But none of the principles of these decisions is applicable in the case at bar to estop appellee. The record shows appellant proved his medical expense as an element of damage against the railroad and further stipulated that appellee need make no formal proof of its payments to appellant.

The judgment is affirmed.