**E. E. MILLER, Appellant,**

v.

**Ira MILLER, Appellee.**

**No. 9726.**

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1969.

Sam Laughlin, Jr., Roswell, N. M. (Robert J. Laughlin, Roswell, N. M., with him on the brief), for appellant.

Charles C. Spann and Michael G. Sutin, Albuquerque, N. M., for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This appeal is from a judgment cancelling a warranty deed on the grounds that there was a conditional delivery of the deed which was an attempted testamentary disposition in contravention of the statutes of the State of New Mexico.

The issues raised by appellant are directed to the factual determinations that the delivery of the deed was conditional and therefore not complete; that the delivery was an attempted testamentary disposition contra to the statutes of the State of New Mexico; and that the action should have been dismissed because of the failure to join indispensable parties.

F. A. Miller, a pioneer stock raiser in the State of New Mexico fathered four sons. One of the sons, E. E. Miller, the appellant herein, carried on in the ranching business with his father. Ira Miller, appellee herein, is the youngest son, a resident of the State of Colorado and a devisee under his father's will admitted to probate. Ulric Miller, a resident of New Mexico, was named executor in the will and was permitted to intervene in this action in his position as executor. Yule Miller, a fourth son residing in New Mexico, is a legatee under the will. Joetyne Miller Wright, the daughter of E. E. Miller, who resides in New Mexico, took the remainder after the life estate devised to her father by the will.

During his lifetime F. A. Miller executed four wills. The first was a joint will executed in 1936 wherein F. A. Miller and his wife agreed that the survivor would distribute the property among the sons. After the wife's death in 1937, F. A. Miller executed a will distributing the property to the sons. In 1946 a third will was executed which distributed the real property to three of the sons. E. E. Miller was given a life estate in certain real property by this will, and his daughter, Joetyne Miller, took the remainder in fee. The fourth son was bequeathed $2,000 in cash. The will provided the real property would not be sold for twenty years after the father's death. In 1952 the last will was executed eliminating the twenty year restriction of sale and including another remainderman.

The 1946 will was admitted to probate and its validity was upheld by the Supreme Court of New Mexico.[1] Letters testamentary were accordingly issued to Ulric, the named executor, who forthwith intervened in this action. Ulric died during the pendency of this appeal and the appellee, Ira, has been substituted as executor.

F. A. Miller died on April 11, 1965. Prior to his death, however, he had executed a warranty deed which purported to pass in fee all the property in Lincoln County, New Mexico, to his son, E. E. Miller. The property conveyed by

1. Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968).

this deed included the land that had been devised to Ira Miller in the 1946 will and the land that had been devised to E. E. Miller for life with remainder to Joetyne in the same will.

After the 1961 deed had been executed and notarized, E. E. Miller transmitted it to J. Benson Newell, a lawyer and long time acquaintance of F. A. Miller. The lawyer held the deed in his possession until F. A. Miller died and then recorded it. It is this deed which Ira now seeks to cancel.

■ The trial court cancelled the deed upon the grounds that there had not been an unconditional delivery to the lawyer and that it was an attempt to make a testamentary disposition contra to New Mexico statutes. Unless these conclusions in the trial court's memorandum are based upon findings which are clearly erroneous, we cannot disturb them.[2]

The record reflects that E. E. Miller executed a deed, conveying contiguous land he previously acquired, to F. A. Miller, his father, which was included in the transmittal to the lawyer with certain directions.[3] After this arrangement had been made the record reflects that both F. A. and E. E. Miller continued to treat the land in litigation as if it belonged to the father. In 1963 an easement was granted covering the land in question signed by F. A. Miller by E. E. Miller under a power of attorney. From this and other evidence the trial court found that F. A. Miller retained control and possession of the property. The New Mexico Supreme Court has said that " * * * where [a] grantor retains control and possession of property described

in a deed, intending there be no delivery thereof until after his death, the fact that possession of the deed is in the grantee and its recording was obtained by him, does not establish that title has passed to him." [4]

■ The findings of the trial court concerning incomplete delivery and attempted testamentary disposition are supported by the evidence, and accordingly, we cannot overturn the conclusions relating to these issues.

We turn now to the strenuously argued contention that the action should have been dismissed for failure to join indispensable parties.

Ira Miller is a resident of Colorado and E. E. Miller, together with all the other heirs, beneficiaries, legatees and devisees are residents of New Mexico. E. E. Miller, appellant herein, contends that the heirs at law of F. A. Miller are indispensable parties to this action to cancel the deed, and that if they are joined, diversity of citizenship would be destroyed which is the sole basis for the jurisdiction in the Federal District Court.

In order to determine this question, it is necessary to examine the land described in the deed and find to whom it was devised in the 1946 will.

The common law rule relating to the passing of title to real estate upon the death of the owner is codified by N.Mex. Stat. § 31–7–2 (1953). "The real estate of a decedent shall pass directly to the heirs or devisees and not to the executor or administrator." [5]

■ The will discloses that the property described in the deed was devised to Ira Miller and E. E. Miller with a re-

2. Glens Falls Ins. Co. v. Newton Lumber & Mfg. Co., 388 F.2d 66 (10th Cir. 1967).

3. "Hollywood N.M. March 2—1962. Mr. J. Benson Newell, Las Cruces, N. Mex. Dear Mr. Newell, Enclosed Bill of Sale and Deed of mine which I want you to keep and give to Dad if something happened to me first. Also is another Deed made to me personally leaving out all others which he wants, Keep this and return the other Deed you have of his,

Please send it Registered Mail Deliver to *Addressee Only* to Fount A. Miller Hollywood N. Mex. With Kindest personal regards Bro, E. E. Miller P.S. The dollar is for postage on return letter."

4. Martinez v. Archuleta, 64 N.M. 196, 326 P.2d 1082, 1084 (1958).

5. See Conley v. Wikle, 66 N.M. 366, 348 P.2d 485 (1960).

mainder to Joetyne Miller Wright. According to the above statute no interest in or to the property described in the deed could have vested in any other persons at the time of F. A. Miller's death because it passed directly to them as devised property.

E. E. and Ira Miller were therefore the only parties indispensable to the determination of the ownership of the real estate.

■ There remains, however, the possible issue of whether or not Joetyne Miller Wright was indispensable as a remainderman. If the deed is valid as a conveyance of title her potential remainder is cut off. However, if the deed is invalid, her interest as a devisee under the will is restored. We examined Fed.R. Civ.P. 19(b) in the light of the criteria established by Provident Tradesmens Bank & Trust Co. v. Patterson,[6] together with Bennie v. Pastor,[7] in order to determine this issue. As an appellate court we have the advantage of examining the status of Joetyne after a judgment has been entered which has given her an interest she otherwise would not have. The criteria set forth in the above cited cases establishes Joetyne is not an indispensable party.

■ The question of whether or not the intervention of the executor, Ulric Miller, a resident of New Mexico, destroyed diversity must now be considered. As indicated above[8] an executor has no interest in or ownership of title under New Mexico law. Therefore, Ulric Miller, as executor, could have no interest which would require his joinder as an indispensable party. Executors are not indispensable parties in actions such as this[9] and therefore the intervention of such a party cannot destroy diversity jurisdiction.[10]

Affirmed.

---

6. 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

7. 393 F.2d 1 (10th Cir. 1968).

8. N.M.Stat. § 31-7-2.

9. 2 Barron & Holtzoff, § 513.5, p. 122 (Rules ed.1961) ; Hale v. Campbell, 127

F.2d 594 (8th Cir. 1942); Conley v. Wikle, 66 N.M. 366, 348 P.2d 485 (1960).

10. Wichita R. R. & Light Co. v. Public Utilities Commission, 260 U.S. 48, 43 S. Ct. 51, 67 L.Ed. 124 (1922) ; Black v. Texas Employers Ins. Ass'n, 326 F.2d 603 (10th Cir. 1964).