DRILLERS ENGINE & SUPPLY, INC.,
Plaintiff,

Longhorn Supply Co., Inc., and John B. Barbour, Jr., d/b/a John B. Barbour Trucking Company, Plaintiff-Interveners,

v.

Hoyt O. BURCKHALTER, d/b/a Burckhalter Drilling Company, Ferguson Oil Company, Inc., a corporation, and J. M. Huber Corporation, a corporation, Defendants.

No. 70–459.

United States District Court,
W. D. Oklahoma,
Civil Division.

May 19, 1971.

Robert G. Grove, Oklahoma City, Okl., for Drillers Engine & Supply, Inc., Richard L. Bohanon, Oklahoma City, Okl., for Longhorn Supply Co., Harold T. Garvin, Duncan, Okl., for John B. Barbour, Jr.

Paul Brown and George L. Verity, Oklahoma City, Okl., for Ferguson Oil and Huber Corp.

J. D. DeBois, Duncan, Okl., John T. Edwards, Oklahoma City, Okl., and O. L. Peck, Jr., Duncan, Okl., for Hoyt O. Burckhalter.

ORDER

DAUGHERTY, District Judge.

Defendant Burckhalter has moved to remand or dismiss this action on the ground that the intervention of Longhorn Supply as a Plaintiff herein has defeated the Court's jurisdiction. This action was brought by Plaintiff in state court to collect from Defendants for equipment and materials furnished in the drilling of an oil well. Plaintiff predicates his right of action in part on a note signed by Burckhalter, liability for which is admitted by Burckhalter, and in part on a debt from Burckhalter to Plaintiff and on a debt owed Burckhalter by Ferguson and Huber which Burckhalter assigned to Plaintiff. The case was removed from state court by Huber and Ferguson and at the time of removal, complete diversity existed. After removal, Burckhalter cross-claimed against Huber and Ferguson,

seeking payment for a balance due for drilling the well. To this cross-claim Burckhalter later added a claim for damages for loss of a drilling rig due to negligence of Huber and Ferguson. Huber and Ferguson counterclaimed against Burckhalter seeking damages resulting from the loss of the well site which they allege was caused by Burckhalter's negligence. Shortly after removal, Longhorn and Barbour intervened, seeking enforcement of liens they claim to hold against the well by reason of supplies or services furnished Burckhalter and an adjudication that such liens have priority to claims by any other party.

At the pretrial conference, it was suggested that there were other persons not parties who had ownership interests in the well. In due course, these other persons, Cotton Petroleum Corporation, John L. Hoard and George F. Collins, Jr. filed a Motion to Intervene as party defendants on the basis that they have the same interests at stake as Ferguson and Huber in this litigation as to the cross-claim and counterclaim.

After the filing of the Motion to Intervene of Cotton Petroleum, Hoard and Collins, Burckhalter filed the Motion to Remand or Dismiss under consideration and subsequently filed a Response indicating his opposition to the intervention of these persons in this case. It is apparently the basis of both Burckhalter's Motion and opposition to intervention that Longhorn as well as Cotton Petroleum, Hoard and Collins are indispensable parties who must be joined and whose joinder will oust the Court of jurisdiction by destroying diversity.

■ The citizenship of the parties now in the case is as follows: Plaintiff Drillers and Plaintiff-Intervener Longhorn are citizens of Oklahoma. Plaintiff-Intervener Barbour is a citizen of Texas. Defendant Burckhalter is a Texas citizen, Defendant Ferguson is a Delaware corporation with its principal place of business in Kansas and Defendant Huber is a citizen of New Jersey. While Plaintiff-Intervener Barbour and

Defendant Burckhalter are of the same citizenship, Barbour was not a party at the time this case was removed. He intervened by permission subsequent to removal. He is present to protect the asserted priority of his statutory lien against the well and for this purpose he is a proper party, but otherwise his claim is independent of Plaintiff's claims against the Defendants and merely ancillary to the Plaintiff's action. He is therefore not an indispensable party whose required presence would defeat diversity jurisdiction. Miller v. Miller, 406 F.2d 590 (Tenth Cir. 1969); Black v. Texas Employers Insurance Association, 326 F.2d 603 (Tenth Cir. 1964) affirming this Court in Black v. Panhandle and Santa Fe Railway Company, 222 F.Supp. 308 (Okl.1963); Chalmers v. United States, D.C., 43 F.R.D. 286 (Kan.1967). Remand would be improper and Burckhalter has presented no ground for dismissal other than the claimed lack of jurisdiction urged in support of remand.

■ Movants Cotton Petroleum Corporation, John L. Hoard and George F. Collins, Jr. seek to intervene as Defendants and Cross-Claimants in this controversy and they are all citizens of Oklahoma, as is Plaintiff. However, they seek no relief against Plaintiff nor does Plaintiff seek any relief against them, and further, it does not appear that Movants are necessarily includible in any relief Plaintiff may obtain against their Co-Defendants Huber and Ferguson. Movants' purpose in intervening herein is to press their claims, as non-operating part owners of the well, against Defendant Burckhalter jointly with Defendants and Cross-Claimants Huber and Ferguson, the operating part owners of the well. It is clear that with respect to the controversy of the main action where diversity of citizenship must exist, Movants are not indispensable parties as their claims are wholly ancillary and their presence as non-diverse parties in this proceeding in connection with the cross-claim and counterclaim does not destroy the Court's diversity

jurisdiction of the main action as removed to this Court.

Defendant Burckhalter's Motion to Remand or Dismiss is denied and the Motion to Intervene of Cotton Petroleum Corporation, John L. Hoard and George F. Collins, Jr. is granted. Defendant Burckhalter is directed to answer the Cross-claim of these intervening parties or adopt as answer thereto his previous answer to the Cross-claim of Defendants Huber and Ferguson within fifteen (15) days of the date hereof.