621 P.2d 511

**In the Matter of the ESTATE of Juan Nepomuceno BACA, Deceased.**

**In the Matter of the ESTATE of Paula Baca de ROMERO, Deceased.**

**Cecilia C. BURTON, Administratrix de bonis non of the Estate of Juan N. Baca and Personal Representative of the Estate of Paula Baca de Romero, Appellant,**

v.

**J. N. CASTILLO, Julieta Darr and Isabel Osuna, Appellees.**

**No. 12662.**

Supreme Court of New Mexico.

Dec. 10, 1980.

Moses, Dunn, Beckley, Espinosa & Tuthill, Leonard G. Espinosa and Victor E. Carlin, Albuquerque, for appellant.

Mark Shaw, Albuquerque, for appellees.

## OPINION

FEDERICI, Justice.

Cecilia Burton, the personal representative of the Estate of Paula Baca de Romero and the beneficiary under her Will, appeals from a judgment of the trial court which removed a substantial amount of property from the final accounting of two consolidated estates after a nephew and two nieces (Claimants) of the decedents, Paula Baca de Romero and J. N. Baca, protested the final accounting. We affirm.

Several issues are raised on appeal: (1) whether the judgment of the trial court is subject to dismissal for failure to include the estate of Juan Jose as an indispensable party in the 1950 quiet title action; (2) whether the relief requested by Claimants and granted by the trial court is barred by collateral estoppel; (3) whether the trial court correctly imposed a constructive trust in favor of Juan Jose's heirs; and (4) whether the trial court erred in determining that appellant Burton, through her predecessors, had not acquired title by adverse possession.

Juan Jose Baca died in 1906, survived by his wife, Francisca, and ten children. The property in dispute here, part of the Socorro Land Grant, was listed as part of his estate, which was never closed. In 1911, Francisca, administratrix of his estate, applied to the City of Socorro for a deed to these lands. A deed was finally issued in her name only in 1937. In 1939, Francisca conveyed the disputed property by warranty deed to one of their children, E. M. Baca. In 1950, E.M. filed a quiet title suit covering the disputed property, naming as defendants all heirs of Juan Jose. The complaint lists two of E.M.'s sisters, Angelina Baca Otero (Angelina) and Isabel Baca Romero (Isabel) as defendants. Two of the claimants here, Julieta Darr and Isabel Osuna, are daughters of Isabel. J. N. Castillo, the other claimant, was also named as a defendant. He filed a disclaimer of interest in the property. Judgment by default was entered against all of Juan Jose's heirs, except those who filed disclaimers. Title was quieted in E.M.

In 1962, E. M. conveyed the disputed property by warranty deed to his brother, J. N. Baca, whose estate was consolidated with their sister Paula's estate in this probate proceeding. J.N. died in 1974, and left

all his property to Paula. Paula died in 1977, and left a Will conveying all of her property to Cecilia Burton, her personal representative, who is appealing from the trial court's judgment here. Burton was reared by Paula and was considered a part of the family, though she was not actually Paula's child.

After Paula and J.N.'s estates were consolidated for purposes of the probate proceedings, the Claimants filed an objection to the Consolidated Final Account and Report. They claim that the real property in question belonged to Juan Jose and thus was owned by the heirs and should be excluded from the estates of Paula and J.N. The trial court agreed and found that the wife of Juan Jose and those taking by deed after her had not acquired title to the disputed property except in a representative capacity for the benefit of the heirs of Juan Jose.

In imposing a constructive trust on the property in favor of the heirs of Juan Jose, the trial court found that Angelina and Isabel were not served with process in the 1950 quiet title action. As an additional ground for imposing the constructive trust here, the trial court found that Juan Jose's estate, not named in the complaint, was an indispensable party in the 1950 quiet title suit.

Burton traces her claim back to the 1950 quiet title suit filed by E.M. She contends that the trial court is barred by collateral estoppel or res judicata from relitigating issues already decided in that action. The Claimants, on the other hand, argue that the trial court correctly found that the 1950 quiet title action is subject to attack. They urge that the judgment is subject to collateral and direct attack and is void.

■ As to the claim that the judgment in the 1950 quiet title suit is void because the estate of Juan Jose was not included as a party, Burton correctly points out that Section 31–7–2, N.M.S.A.1953, a statute enacted in 1889 and repealed in 1975, indicates that Juan Jose's estate was not an indispensable party. This statute provided: "The real estate of a decedent shall pass directly to the heirs or devisees and not to the executor or administrator . . . ." Consequently, when Juan Jose died intestate in 1906, the real property passed directly to his heirs.

With reference to the issues of collateral or direct attack, Claimants assert that the 1950 quiet title judgment is void because the court had no jurisdiction over two of Juan Jose's heirs, Angelina and Isabel, because of lack of service of process.

■ A judgment which is void is subject to direct or collateral attack at any time. *Nesbit v. City of Albuquerque*, 91 N.M. 455, 575 P.2d 1340 (1977). However, when attacked for failure of service of process, it is void only as to those persons not served and their successors. *See Woodland v. Woodland*, 147 N.W.2d 590 (N.D.1966); 46 Am.Jur.2d *Judgments* §§ 26, 693 (1969); *cf. Campbell v. Doherty*, 53 N.M. 280, 206 P.2d 1145 (1949). This rule is logical because all parties who were properly served in the quiet title suit had their opportunity to litigate their claims and their rights are not prejudiced by the failure of process upon those not served.

■ The attack before us in this case is a collateral attack. *Hanratty v. Middle Rio Grande Conservancy Dist.*, 82 N.M. 275, 480 P.2d 165 (1970). The law is settled in New Mexico that every presumption consistent with the record is indulged in favor of the jurisdiction of courts of general jurisdiction whose judgments cannot be questioned when attacked collaterally, unless lack of jurisdiction appears affirmatively on the face of the judgment or in the judgment roll or record, or is made to appear in some other permissible manner. *Hambaugh v. Peoples*, 75 N.M. 144, 401 P.2d 777 (1965); *Kutz Canon Oil & Gas Co. v. Harr*, 56 N.M. 358, 244 P.2d 522 (1952); *Bounds v. Carner*, 53 N.M. 234, 205 P.2d 216 (1949); *McDonald v. Padilla*, 53 N.M. 116, 202 P.2d 970 (1948).

We reaffirm the rule announced in those cases.

The following facts appear in the record in the 1950 quiet title suit: (1) the names of Angelina and Isabel appear in a summons filed on May 20, 1950; (2) returns of personal service were filed, but Angelina's and Isabel's names do not appear on the returns; (3) substituted service was duly published in a newspaper of general circulation in the county, but Angelina and Isabel were not notified in the publication; (4) a certificate of record prepared by the court clerk, filed August 30, 1950, indicates that neither Angelina nor Isabel ever filed an answer, disclaimer or appearance in the court, nor did an affidavit of personal service naming them appear in the court file; and (5) the judgment, filed September 19, 1950, and amended judgment do not recite that either Angelina or Isabel was ever properly served or ever entered an appearance or ever filed a disclaimer, though it does state that "each and every one of the defendants [was] duly served, or [has] duly entered a general appearance and [filed a waiver of notice]."

This latter statement appears in the judgment only after an affirmative omission of Angelina's and Isabel's names from the list of persons shown as having been served. These facts, as reflected by the judgment and court records, support the view of the trial court in the present case, that the judgment in the 1950 quiet title suit was void as to Angelina and Isabel for lack of process. *See* 46 Am.Jur.2d *Judgments* § 669 (1969).

■ We hold that the facts in this case bring it within the rule announced in *Hambaugh, supra,* and the other cases cited above with it, and that the lack of jurisdiction of the court in the 1950 quiet title action appears affirmatively in the record, or in the alternative, that lack of jurisdiction appears in the record in a permissible manner. Therefore, the 1950 judgment in the quiet title action is void as to Angelina and Isabel for failure of service of process either personally or by substituted service on them.

■ As to the issue of constructive trust, there was substantial evidence before the trial court for it to find that E.M. held title for the benefit and use of Angelina and Isabel, since the 1950 quiet title judgment was void as to them.

■ We are met with a different problem as to those heirs of Juan Jose who did receive notice of the 1950 quiet title suit. Those who received notice or filed disclaimers that E.M. claimed the disputed property in contravention of their rights cannot now be heard to complain about that judgment. Specifically, Juan N. Castillo, named as a defendant in the quiet title suit, filed a disclaimer of all right, lien, interest and title in the disputed premises. If he had some agreement with E.M. concerning his interest, or if he felt the judgment against him was in some manner improper, he could have sought to reopen the judgment. The present claim of Juan Castillo was filed in 1978, twenty–eight years after the judgment in the quiet title suit. During that time, E.M. held the property and he purportedly transferred it to his brother, J. N. Baca, by warranty deed. When J.N. died in 1974, he left the property to his sister Paula. In this situation there have been both a long lapse of time and changes in the purported ownership of the property all contravening Juan Castillo's claim without him attempting to enforce any rights. To allow Juan Castillo's claim works to the prejudice of those taking title under authority of E.M.'s title. We hold that the doctrine of laches is applicable in this case and it bars relief for him. *See Hart v. Northeastern N.M. Fair Ass'n,* 58 N.M. 9, 265 P.2d 341 (1953). Furthermore, Castillo cannot collaterally attack the 1950 quiet title suit as void for lack of jurisdiction where it is undisputed that he filed a disclaimer of interest in that suit. The court there had jurisdiction over him, and its judgment was not void as to him.

With reference to the issue of adverse possession which was raised, there is substantial evidence to sustain the trial court's determination in this case that E.M. did not have color of title and did not hold the property adversely to the heirs of Juan Jose.

The judgment of the trial court is affirmed as to Angelina and Isabel. It is not apparent from the record whether Julieta Darr and Isabel Osuna are entitled to take by devise or descent from their mother, Isabel. We remand to the trial court for further determinations on this issue. We reverse the trial court concerning the claims of Juan Castillo and direct that judgment be entered against him.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE and FELTER, JJ., concur.

EASLEY, Senior Justice, dissents.

EASLEY, Senior Justice, dissenting.

I respectfully dissent.

In the 1950 quiet title suit filed by E. M. Baca, the predecessor of Burton, he sued Paula Baca de Romero and J. N. Baca, the ancestors of the three claimants. However, the record in the case does not show written waivers, returns on personal service of process, proof of substituted service or written general appearances for the two decedents. Nevertheless, the judgment filed in the cause states that "each and every one of the defendants in this cause have been duly and legally ·served with process herein, or have duly entered general appearance and waived further notice or service of process in this case more than thirty days before the date hereof; . . ." Thus the judgment on its face positively asserts that the trial court had jurisdiction over the two defendants.

In *Hambaugh v. Peoples,* 75 N.M. 144, 401 P.2d 777 (1965), this Court held that no collateral attack may be made on a judgment as void for lack of jurisdiction if the judgment appears valid on its face, and unless the invalidity appears in some manner in the judgment or in the record. In *Swallows v. Sierra,* 68 N.M. 338, 362 P.2d 391 (1961), this Court ruled that it is necessary in order to contest the validity of a prior suit to quiet title that the judgment role must affirmatively show want of jurisdiction. Every presumption not inconsistent with the record is to be indulged in favor of the jurisdiction of courts of general jurisdiction when judgments are collaterally attacked. *Atlantic Refining Company v. Jones,* 63 N.M. 236, 316 P.2d 557 (1957).

A *lack* of jurisdiction does not appear *affirmatively* on the *face* of this judgment. In fact, the judgment on its face affirmatively establishes jurisdiction.

The record precludes a finding that personal or substituted service was had on the two parties. However, those are not the only means by which a court may obtain jurisdiction over parties. This record does not affirmatively rule out that the two parties appeared personally and sat through the trial in this case. Since there is no proof in this record that the two were *not* served or were *not present,* we cannot presume that the face of the judgment, which says that each and every one of the defendants entered a general appearance, was a misstatement of fact.

Since this judgment is not void because of lack of jurisdiction of the parties in question, the 1950 quiet title action should not be subject to collateral attack. As this Court said in *City of Santa Fe v. Velarde,* 90 N.M. 444, 564 P.2d 1326 (1977), collateral estoppel bars the relitigation of those issues or facts which have been actually and necessarily determined in prior litigation. One issue actually raised and necessarily determined in the 1950 quiet title action was, of course, title to the disputed property, which is the precise issue here.

I would hold against claimants on this and the other issues raised and reverse the decision of the trial court.