This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39517

**LUCY BRASWELL, as Personal Representative of the Estate of Modesto Sanchez,**

Plaintiff/Counterdefendant-Appellee,

v.

**SUSAN WHITEFEATHER,**

Defendant/Counterplaintiff-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Ellen R. Jessen, District Court Judge**

John D. Wheeler & Associates
John D. Wheeler
Elizabeth K. Watson
Alamogordo, NM

for Appellee

Courvoisier Law LLC
Rebekah A. Scott Courvoisier
Alamogordo, NM

Lorenz Law
Alice T. Lorenz
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Plaintiff Lucy Braswell filed suit to set aside a deed naming her sister, Defendant Susan Whitefeather, and Modesto Sanchez, their father, as joint tenants of Sanchez's property. Defendant had executed the deed as attorney in fact for Sanchez. Concluding that Defendant was not authorized to use her power of attorney in this manner, the district court granted partial summary judgment in favor of Plaintiff and quieted title of the property in favor of Sanchez's estate. On appeal, Defendant claims the district court erred by (1) granting partial summary judgment against her, (2) denying her motion to reconsider, and (3) granting an improper remedy. We affirm.

## BACKGROUND

**{2}** Modesto Sanchez died intestate in June 2018; he was survived by his two children—Plaintiff and Defendant. Approximately two years before his death, Sanchez gave power of attorney to Defendant. Shortly thereafter, Defendant used the power of attorney to execute a special warranty deed (the Deed) that ostensibly conveyed Sanchez's property to Sanchez and Defendant as joint tenants. After Sanchez's death, Plaintiff filed suit to set aside the Deed on the basis that Defendant lacked authority to convey the property under the New Mexico Uniform Power of Attorney Act (UPAA), NMSA 1978, §§ 45-5B-101 to -403 (2007, as amended through 2011).

**{3}** Defendant filed a verified answer and counterclaim in response. She stated that Sanchez had disclosed "his interest in getting his affairs in order and for making arrangements for the distribution of his property at the time of his passing." According to Defendant, Sanchez had learned of a way "to transfer property to a child without the need for probate [by putting] the child's name on the deed for the real property." Sanchez allegedly instructed Defendant to use the power of attorney "to make and record deeds for his Real Property, adding her name as a grantee, for the purpose of ensuring that the property would be [Defendant]'s when he died." Notably, Defendant argued that both she and Sanchez had intended to create a transfer on death deed (TODD)—she requested the court to reform the Deed to make it so.

**{4}** Plaintiff filed a motion for partial summary judgment asserting that "an attorney-in-fact cannot make[] gifts on behalf of a principal unless the power to gift is specifically set forth in the power of attorney." *See* NMSA 1978, § 45-5B-201(A)(2) (2011). Plaintiff argued that the conveyance constituted a gift because Sanchez had not received consideration.

**{5}** In Defendant's response to the motion for partial summary judgment, she first claimed that Plaintiff had failed to make a prima facie showing because she had not presented evidence that the transfer lacked consideration. On the merits, Defendant argued that the Deed carried a legal presumption of consideration and that Sanchez lacked the donative intent to give a present interest, evidenced by his continued exercise of dominion and control over the property. Beyond the invoking presumption, Defendant relied on denials in her own verified answer as evidence. Defendant reserved the right to present further evidence of consideration at trial, but did not offer any additional proof in her response.

**{6}**     Plaintiff made two important points in her reply. First, she noted that Defendant could not rely on the presumption of consideration because she was a fiduciary, and in cases involving transactions that create a facial presumption of self-dealing, the burden is on the fiduciary to show proper dealings. *See McMinn v. MBF Operating Acquisition Corp.*, 2007-NMSC-040, ¶ 21, 142 N.M. 160, 164 P.3d 41. Plaintiff also noted that "[n]ot only can a power of attorney not be used to make a gift, it also cannot be used to create a right of survivorship either—unless such power is specifically stated in the power of attorney itself." *See* § 45-5B-201(A)(3).

**{7}**     The district court granted partial summary judgment in favor of Plaintiff on two bases. The district court first concluded that there was no presumption of consideration under the circumstances, noting that "[t]he general rule is that one acting in a fiduciary capacity for another has the burden of proving that a transaction with himself was advantageous for the person for whom he was acting." *McMinn*, 2007-NMSC-040, ¶ 21 (internal quotation marks and citation omitted). The court concluded that Defendant's "interest in the Property constituted a gift for which no consideration was paid," and that the "Power of Attorney did not specifically bestow a power to make gifts." *See* § 45-5B-201(A)(2). The district court also concluded that even if Sanchez had intended to create a TODD, "the Power of Attorney did not expressly grant [Defendant] authority to create a right of survivorship in the Property" either, and therefore, whether a gift or a TODD, the Deed was unauthorized as a matter of law. *See* § 45-5B-201(A)(3). As a result, the district court voided the Deed and quieted title to the property in favor of Sanchez's estate.

**{8}**     Defendant filed a motion to reconsider the order granting partial summary judgment. She attached numerous documents as alleged evidence of consideration. The district court denied the motion. Following trial on a separate issue, Defendant appealed.

## DISCUSSION

**{9}**     Defendant argues that the district court made various errors in applying the standard for summary judgment and interpreting the UPAA. Defendant further contends that the district court erred in denying her motion to reconsider and granted Plaintiff an improper remedy by quieting title to the property in favor of Sanchez's estate. We address each argument in turn.

### I.     The District Court Did Not Err in Granting Partial Summary Judgment

**{10}**     We review a grant of summary judgment de novo. *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 9, 335 P.3d 1243. "Summary judgment is appropriate in the absence of any genuine issues of material fact and where the movant is entitled to judgment as a matter of law." *Id.* "In reviewing an order on summary judgment, we examine the whole record on review, considering the facts in a light most favorable to the nonmoving party and drawing all reasonable inferences in support of a trial on the merits." *Id.*

**{11}** On appeal, Defendant asserts that Plaintiff failed to make a prima facie case for summary judgment and attacks the district court's determination that the "interest in the Property constituted a gift for which no consideration was paid." Defendant argues that Plaintiff "provided no evidence supporting these 'facts' or her claim that the real estate conveyance had been made without consideration." In making this argument, Defendant misconstrues the burdens of moving and nonmoving parties on summary judgment. Contrary to Defendant's assertion, Plaintiff bore no burden to present specific evidence to make a prima facie case under the standard for summary judgment. *See* Rule 1-056(A) NMRA ("A party seeking to recover upon a claim, counterclaim or cross-claim or to obtain a declaratory judgment may move *with or without* supporting affidavits for a summary judgment in his favor upon all or any part thereof." (emphasis added)); *Blauwkamp v. Univ. of N.M. Hosp.*, 1992-NMCA-048, ¶ 15, 114 N.M. 228, 836 P.2d 1249 ("In order to satisfy the threshold requirement of making a prima facie showing of entitlement to summary judgment, [Rule] 1-056(C) does not require a moving party to support its motion with affidavits . . . or other sworn testimony affirmatively disproving [the nonmoving party]'s claims.").

**{12}** The district court concluded that "Plaintiff made a prima facie case that [Defendant] did not pay consideration for a joint tenancy interest in the Property." We agree with this conclusion. By asserting that Defendant lacked evidence of consideration, Plaintiff's motion made a prima facie showing that Defendant could not establish the consideration necessary to prove the Deed was not a gift. *E.g.*, 38A C.J.S. *Gifts* § 8, Westlaw (database updated March 2023) ("A gift is, or imports, a transfer without consideration, while a sale imports a transfer for a consideration.").

**{13}** Other than her attack on whether Plaintiff made a prima facie showing, Defendant argues that the district court erred in concluding that the transfer of property constituted a gift as a matter of law. She asserts that she established a genuine issue for trial by relying on the presumption of consideration and the sworn allegations in her verified answer regarding Sanchez's lack of donative intent. As to the presumption of consideration, however, Defendant's brief in chief wholly failed to address, much less controvert, the district court's legal conclusion that Defendant could not rely on the presumption of consideration because she was a fiduciary engaged in a self-dealing transaction. *See McMinn*, 2007-NMSC-040, ¶ 21.

**{14}** Nevertheless, we need not explore Defendant's gift-related arguments further because even if we were to accept Defendant's position that the transfer was not a gift, she has not demonstrated that the district court erred in granting summary judgment on the alternative basis—i.e., that "the Power of Attorney did not expressly grant [Defendant] authority to create a right of survivorship in the Property" either. Defendant's only argument addressing this ruling is that the district court should not have considered the matter because Plaintiff raised the point for the first time in her reply to her motion for summary judgment. But Plaintiff's reply was specifically directed to the arguments and authorities presented in Defendant's response to the motion for summary judgment, where Defendant argued that the Deed was not a gift but was, instead, an estate planning device intended to transfer the property on Sanchez's death.

Accordingly, the issue was properly raised under the circumstances. *E.g.*, *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65 (noting that a party may address in his or her reply brief new arguments or authorities presented in the answer brief). Moreover, Defendant had a full and fair opportunity to address Plaintiff's arguments at the hearing on the motion for summary judgment along with more than two months to prepare. At the hearing, Plaintiff renewed her argument that regardless of whether the Deed was a gift or intended as an estate planning device, Defendant was not authorized to use her power of attorney to execute the Deed under the UPAA. In response, Defendant stated only that given the opportunity, she would have provided a "treatise on what the difference is between creating a right of survivorship and an outright transfer, a transfer of a fee interest as would occur when someone creates a joint tenancy as opposed to when somebody makes a survivorship designation or a beneficiary designation because there is a lot of case law on that." Defendant appears to have misunderstood that the hearing *was* her opportunity to do so. Regardless, Defendant did not provide any case law during the hearing or on appeal demonstrating that she was legally authorized to use her power of attorney to execute the Deed.

**{15}** Defendant now argues that "a [TODD] is by statutory definition non-testamentary. Thus, one does not unlawfully create a testamentary right of survivorship through execution of a [TODD]." *See* NMSA 1978, § 45-6-407 (2013) (stating that a TODD is nontestamentary). We reject this argument for the simple reason that the UPAA forbids an attorney in fact to create *any* right of survivorship unless the power of attorney expressly grants that authority. *See* § 45-5B-201(A)(3). We emphasize that the Deed, on its face, was not a TODD—it was a garden variety special warranty deed naming Defendant and Sanchez as joint tenants. And by naming Defendant and Sanchez as joint tenants, the Deed created an impermissible right of survivorship. *See Edwin Smith, L.L.C. v. Synergy Operating, L.L.C.*, 2012-NMSC-034, ¶ 15, 285 P.3d 656 ("[D]escribing the right of survivorship as the leading characteristic of joint tenancy." (alteration, internal quotation marks, and citation omitted)). But even if the Deed was a TODD, it was *still* unauthorized. The Uniform Real Property Transfer on Death Act refers to the "person that receives property under a [TODD]" as a "beneficiary." NMSA 1978, § 45-6-402(A) (2013). As with rights of survivorship, the UPAA prohibits a power of attorney from creating or changing a beneficiary designation unless expressly granted the authority to do so. *See* § 45-5B-201(A)(4). Consequently, even if the Deed had in fact been a TODD, it was still unauthorized as a matter of law.

**{16}** For all of these reasons, we affirm the district court's grant of partial summary judgment against Defendant.

## II. The District Court Did Not Abuse Its Discretion in Denying Defendant's Motion to Reconsider

**{17}** "We review the denial of a motion for reconsideration for abuse of discretion." *Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 77, 400 P.3d 290. "We cannot say the district court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Wilde v. Westland Dev.*

*Co.*, 2010-NMCA-085, ¶ 30, 148 N.M. 627, 241 P.3d 628 (internal quotation marks and citation omitted).

**{18}** Here, Defendant filed the motion to reconsider, attaching alleged evidence of consideration to show the district court had erroneously concluded that the Deed was a gift. On appeal, Defendant claims that the motion to reconsider alerted the district court that "it had misapplied or failed to adhere to the law governing motions for summary judgment, and misunderstood or misapplied the law regarding deeds, gifts, and the UPAA." We have already concluded that the district court did not misapply the law regarding this Deed and the UPAA. As for the exhibits attached to Defendant's motion to reconsider, we note that she has not argued that any of the exhibits were unavailable before summary judgment was granted. Consequently, the district court acted well within its discretion in refusing to consider untimely materials purporting to create a fact issue after summary judgment had been granted. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 9, 135 N.M. 423, 89 P.3d 672 (concluding that the district court did not abuse its discretion in refusing to consider materials filed with a motion for reconsideration of summary judgment); *Rivera v. Trujillo*, 1999-NMCA-129, ¶ 19, 128 N.M. 106, 990 P.2d 219 (holding that the district court did not abuse its discretion in declining to consider untimely presented deposition testimony where "[t]he only apparent reason for the untimely filing was counsel's failure to do so"). Defendant has not demonstrated any error requiring reversal, and we therefore affirm the district court's discretionary ruling.

### III. The District Court Did Not Grant an Improper Remedy

**{19}** Finally, Defendant claims that the district court granted Plaintiff an improper remedy by allowing Sanchez's property to revert to his estate after the Deed was set aside. On appeal, Defendant argues that "[t]he district court's conclusion that the property belonged to the estate is erroneous as a matter of law. NMSA 1978[, Section] 45-3-101(B)(3) [(2011)] provides that, in the absence of a testamentary disposition, real property devolves *directly* to the decedent's heirs. *Conley v. Wikle*, 1960-NMSC-009, ¶ 7[, 66 N.M. 366, 348 P.2d 485]." Defendant fails to accurately characterize the law. Section 45-3-101 does not state that the real property devolves "directly" to the decedent's heirs and the probate statute cited in *Conley* was repealed in 1975. *See In re Estate of Baca*, 1980-NMSC-135, ¶ 8, 95 N.M. 294, 621 P.2d 511. Contrary to Defendant's position, our current probate code dictates that a decedent's real property must generally pass through probate (unless it is subject to a TODD, right of survivorship, or other nontestamentary disposition). *See* § 45-3-101(C) (stating that the devolution of the decedent's separate property and share of the community property is "subject to administration" provided in Article 3 of the Uniform Probate Code); NMSA 1978, § 45-1-201(A)(40) (2011) (defining "property" for purposes of the Uniform Probate Code to include both real and personal property). Defendant has not provided any other authority to demonstrate that the district court erred in quieting title in favor of Sanchez's estate. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We have long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule. We assume where arguments in

briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority." (emphasis and citations omitted)). We accordingly perceive no basis for reversal of the district court's disposition of the property.

**CONCLUSION**

**{20}**    For the forgoing reasons, we affirm.

**{21}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**