COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| MAP RESOURCES, INC., PECOS BEND ROYALTIES, LLLP, PBR PROPERTIES JOINT VENTURE, and TOMMY VASCOCU, | § § § § | No. 08-24-00088-CV Appeal from the 143rd Judicial District Court |
| Appellants, | § | of Reeves County, Texas |
| v. | § | (TC# 15-06-21057-CVR) |
| STEPHEN L. MITCHELL, JANIE MITCHELL BELEW, LISA MITCHELL SEIGMANN, and LINDA MITCHELL STAPLETON, | § § | |
| Appellees. | § | |

## CONCURRING OPINION

I join the Court's opinion as to Issues One, Two, and Four. As for Issue Three, while I agree the laches defense was not conclusively negated by the Mitchell's traditional motion for summary judgment, I write separately to clarify what I believe should be addressed more fully on remand from this Court.

Laches is an affirmative defense for which a party, such as Map in this instance, would be required to plead it and prove it at trial. *See* Tex. R. Civ. P. 94 (including laches among defenses that must be set forth affirmatively in a pleading to a preceding pleading). In *Mitchell*, neither Map nor the Mitchells had filed a motion for summary judgment on laches, so the Texas Supreme Court held it lacked jurisdiction to address it. *Mitchell v. MAP Resources, Inc.*, 649 S.W.3d 180, 195–96

(Tex. 2022). The Court took "no position" on whether laches is a valid defense in a property case given it was not actually presented as a ground for summary judgment in Map's motion for summary judgment. *Id.* Nevertheless, the Court did provide instructions on how to present it on remand. *Id.* at 196. It cited relevant cases and advised the parties to "address these legal authorities, identify other relevant authorities for the trial court to consider, and offer evidence of any facts and circumstances relevant to MAP's laches defense." *Id.* at 197. *Mitchell* noted that this case "transfers real property rather than terminating the parent-child relationship" and specifically directed the parties to address the threshold question of whether laches or any other equitable doctrine can apply categorically to a notice-based collateral attack on a "judgment transferring property[.]" *Id.* at 196–97.

Regarding unreasonable delay, the Court noted in *Mitchell* that the record was "devoid of information regarding how and when [the Mitchells] learned of the judgment." *Id.* at 197. When the case was remanded to the trial court, Map did not file a motion for summary judgment on laches and the Mitchells did not file a no-evidence motion. *See* Tex. R. Civ. P. 166(c), (i). Instead, the Mitchells relied on a traditional motion for summary judgment, requiring them to negate the defense, and to which Map filed a response with evidence. *See* Tex. R. Civ. P. 166(c). Map argues on appeal that its evidence raises a fact issue as to both elements of laches, unreasonable delay and reliance. Map submitted a 2010 appraisal of Ms. Mitchell's estate, a 2023 printout from the Reeves County Appraisal District website, and a response to a request for production of tax payment records.

Map argues this evidence "at least raises an inference that the Mitchells either knew or should have [] know[n] about [the] Tax Judgment in 2010" prior to filing this suit in 2015. Map acknowledges that the documents indicate that taxes were not assessed on the mineral interest at issue. It does not point to evidence showing how and when the Mitchells did learn of the judgment.

2

Regarding Map's substantial reliance, Map submitted a 1999 sheriff's deed in the form of a quitclaim deed, a 1999 quitclaim deed to Map, and seven instruments dated 2001-2016 referencing the quitclaim deed and mortgaging all Map's interest (if any) in the mineral interest. In support of its argument, Map cites a North Carolina case for the proposition that expending money can show reliance but does not offer evidence that it spent money as opposed to receiving loan proceeds. *See Jenkins v. Richmond Cnty.*, 394 S.E.2d 258, 261 (N.C. Ct. App. 1990). Map also argues it has been prejudiced by the loss of evidence by the death of Ms. Mitchell. The Mitchells did not submit any evidence on either element of laches, relying solely on its case authorities and argument.

On review of the record, I note that neither party pointed to relevant authority on collateral attacks to judgments transferring real property. In particular, *Mitchell* directed the parties to two cases addressing laches as a defense to collateral attacks on judgments involving property. *Mitchell*, 649 S.W.3d at 196 n.15. One of these cases involved a 30-year-old quiet title judgment. *Matter of Baca's Estate*, 621 P.2d 511, 513 (N.M. 1980). The New Mexico Supreme Court held laches applied to claims by heirs of an interested party who was properly served and who filed a disclaimer of interest at the time of the judgment. *Id.* at 514. But as to heirs of an interested party who was *not* served, the judgment was void and could be attacked at any time under "settled" law. *Id.* at 513. The court recognized that adverse possession could limit such attacks but held it was not established on the facts. *Id.* at 513–15.

The other property case cited in *Mitchell* involved a collateral attack on an order pooling a 1/2 mineral interest. *Katter v. Ark. La. Gas Co.*, 765 F.2d 730, 731 (8th Cir. 1985). The trial court held the suit was barred by laches because it was not filed until long after drilling and production at the defendant's expense, at which time important witnesses were no longer available. *Id.* at 733. The Eighth Circuit held laches was inapplicable but affirmed on alternate grounds of estoppel, based on a written acknowledgment that the order was valid. *Id.* at 734. In the absence of relevant

3

state law, the court cited the Restatement as "persuasive general authority" and stated it was "confident the Arkansas courts would apply its principles." *Id.* at 734 n.7. *Mitchell* cited *Katter* twice after quotations from Restatement (Second) of Judgments § 66, for the proposition that laches does not apply to void judgments, but collateral attacks may be barred under a theory of estoppel. *Mitchell*, 649 S.W.3d at 196 n.16. Oddly, the parties do not address *Katter* or *Baca*. The only property-related case addressed in the briefing is *United States v. One Toshiba Color Television*, which holds laches does not apply in the context of federal criminal forfeiture statutes. 213 F.3d 147, 158 (3d Cir. 2000).

*Mitchell* only cites non-Texas cases addressing laches, but "other relevant authority" on remand would include Texas cases that address laches as a defense in the context of trespass-to-try-title claims like those brought here. *See, e.g.*, *Davis v. COG Operating, LLC*, 658 S.W.3d 784, 797 (Tex. App.—El Paso 2022, pet. denied) (laches does not "appl[y] to a trespass-to-try-title action where the plaintiff's right is based on legal title" (citing *Rogers v. Ricane Enterprises*, Inc., 772 S.W.2d 76, 77 (Tex. 1989))); *Eland Energy, Inc. v. Rowden Oil & Gas, Inc.*, 914 S.W.2d 179, 185 (Tex. App.—San Antonio 1995, writ denied) (same for declaratory judgment action). Map cites *Caldwell v. Barnes*, 975 S.W.2d 535, 538–39 (Tex. 1998) for the proposition that laches can bar a claim to set aside a void judgment to prevent a "grave injustice." *Caldwell* involved a bill of review to set aside a money judgment for lack of service. *Id.* at 538–39. It states that "[s]ince a bill of review is equitable in nature, laches may be raised as a defense to its prosecution." *Id.* at 538. The court reversed the trial court's finding of laches, on grounds that the bill of review was brought within the four-year limitations period. *Id.* at 539. The opinion does not address whether laches is also available as a defense to title suits collaterally attacking void judgments within the applicable

4

limitations period (i.e., in the absence of proof of adverse possession for the statutory period).[1] The parties do not address whether laches could apply where the statutory limitations periods for title claims have been satisfied. Tex. Civ. Prac. & Rem. Code §§ 16.021-.038.

The parties also do not address the recording statute and how it affects whether property owners have notice of a void judgment for due-process purposes. Nor did they address United States Supreme Court case law relevant to whether laches is a viable defense to notice-based collateral attacks as a matter of federal law. *See Mennonite Board of Missions v. Adams*, 462 U.S. 791, 799–800 (1983) (rejecting laches-type argument that the plaintiff unreasonably failed to file suit within the 2-year redemption period, given that it had previously paid the property taxes, knew of the taxes, and could have checked either the tax or court records to make sure they were current); *Schroeder v. New York City*, 371 U. S. 208, 214 (1962) (rejecting laches-type argument that property owner unreasonably delayed collateral attack based on lack of service given that the alleged damage was "apparent" from a "change in appearance" of the property).

Also relevant is language in *E.R.* distinguishing property claims. *See In re E.R.*, 385 S.W.3d 552, 569 (Tex. 2012). Although the parties discuss *E.R.*, they do not address this language. The facts in *Mitchell* differed from *E.R.*, "in that the default judgment transfers real property rather than terminating the parent-child relationship." *Mitchell*, 649 S.W.3d at 197. *E.R.* emphasizes that parental rights are "far more precious than any property right." *In re E.R.*, 385 S.W.3d at 555, 563. The Court explained that a proceeding to terminate parental rights is "governed by special rules" under the Due Process Clause, and a separate "strict" statute of limitations to "promote permanency in child rearing at the earliest stage possible." *Id.* at 555. The Court did not recognize

---

[1] *See, e.g., Concho Res., Inc. v. Ellison*, 627 S.W.3d 226, 234 (Tex. 2021) (holding laches does not apply to title claims, but other equitable defenses may apply; declining to address whether ratification applies); *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 547 (Tex. 2016) ("When an instrument is void, a quiet-title action can be brought at any time to set it aside.").

laches per se as a defense to any notice-based collateral attack. *Id.* at 569 n.30. The only reference to laches suggests it is a misnomer for a defense based on abandonment of parental duties. *Id.* "Although courts have variously referred to a parent's inaction as waiver, estoppel, or laches, the theories merge: when a child's welfare hangs in the balance, the reliance interest created by a termination order need not yield when a parent learns of the order yet unreasonably fails to act." *Id.* at 568. The Court acknowledged its previous ruling that judgment debtors have no duty to act, diligently or otherwise, when a default judgment has been entered without service of process. *Id.* at 569 n.31 (citing *Ross v. Nat'l Ctr. for the Emp't of the Disabled,* 197 S.W.3d 798 (Tex. 2006)).

*Mitchell* notes: "Many jurisdictions have applied this principle to conclude that laches does not generally provide a basis for refusing relief from a void default judgment." *Mitchell*, 649 S.W.3d at 198. *E.R.* explained that collateral attacks on parental termination orders could be barred due to delay, on the theory that a parent's "failure to protest the judgment in such a situation can be taken as an affirmation of the judgment[.]" *In re E.R.*, 385 S.W.3d at 569 & 568 n.30 (noting that "courts have used various explanations, including equity or estoppel, to justify the 'apparent anomaly of . . . according a "void" judgment the dispositive effect of a valid judgment' but concluding that decisions could instead be reconciled as reflecting party's assent to judgment").

On remand, Map still bears the burden to establish the defense at trial, legally and factually. As this Court's majority states in this summary judgment proceeding, the parties "made no attempt to distinguish or address in any way the body of cases from Texas and elsewhere cited by the Supreme Court." As well, the record remains devoid of evidence as to both elements of laches. On the current record, I would hold that laches has not been negated as a matter of law. But because the Mitchells have not adequately addressed the above cited authorities, and Map has not had an opportunity to respond, I concur that the case should be remanded.

6

GINA M. PALAFOX, Justice

December 30, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Palafox, J., concurring