875 P.2d 857

**EBI COMPANIES/ORION GROUP,**
**Petitioner Carrier,**

**Casa Grande Union High School,**
**Petitioner Employer,**

v.

**The INDUSTRIAL COMMISSION**
**OF ARIZONA, Respondent,**

**Billy James, Respondent Employee.**

**No. 2 CA–IC 93–0030.**

Court of Appeals of Arizona,
Division 2, Department A.

June 9, 1994.

Jones, Skelton & Hochuli by Terrence Kurth, Phoenix, for petitioner carrier and petitioner employer.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Tretschok, McNamara & Clymer by Jeffrey L. Patten, Tucson, for respondent employee.

## OPINION

LIVERMORE, Presiding Judge.

This case presents an issue of first impression in Arizona: Is a workers' compensation carrier entitled to a lien against a claimant's third-party recovery for the amount the carrier paid the claimant pursuant to a settlement agreement?

The facts are undisputed. Billy James was injured in an automobile accident while in the course of his employment with Casa Grande Union High School. His workers' compensation claim was accepted by the employer's carrier, EBI Companies, as a "no time lost" claim and closed with no permanent disability. Some six months later, EBI issued two notices of claim status. The first, which James protested, denied liability for a claimed left knee injury. The second, issued in response to an earlier protest by James, rescinded the earlier notice closing his claim.

The parties subsequently entered into a settlement agreement, approved by the Administrative Law Judge (ALJ), in which they agreed that 1) the carrier would pay James $10,000 in addition to the $1,998.29 it already paid him as benefits, 2) James's claim would be closed with no permanent disability, 3) he waived any claim with regard to his left knee condition, 4) he waived any entitlement to supportive medical benefits, and 5) the carrier was entitled to a $10,000 credit for any compensation benefits that may subsequently be awarded James. Soon thereafter EBI asserted a lien over James's third-party recovery in the amount of $11,536.29. James protested and, in lieu of a hearing, the parties submitted the matter on stipulated facts and memoranda. The ALJ issued an award ordering that EBI's lien not exceed $1,998.29, finding as follows:

10. In the instant case the terms of the settlement do not unambiguously express the bargain entered into by the parties. The agreement does not specify the issues that have been finally determined. The terms of the settlement are couched in generalities. The carrier only has a lien to the extent of compensation, medical, surgical and hospital benefits paid. Throughout the defendants stipulation of fact and memoranda the $10,000.00 is referred to as the "settlement of the workers' compensation claim;" the amount paid in "settlement to the applicant." The compromise and settlement does not indicate that the money paid to the applicant was in lieu of compensation, medical, surgical and hospital benefits. Additionally the compromise and settlement entered into does not specify how much of the $10,000.00 should be attributable to the closure of the claim without a permanent disability and how much should be attributed to the applicant's agreement that his left knee is non-industrial. Further, the compromise and settlement entered into by the parties specify the defendants' right to future credit, however, fails to specify any right to future liens. The evidence does not establish that the defendants are entitled to a lien in the amount of $10,000.00 paid in the compromise and settlement agreement. The evidence establishes that the carrier has a lien in the amount of $1,998.29.

The award was affirmed upon administrative review and EBI requested special action review by this court.

The resolution of this issue requires the interpretation of § 23–1023(C), which provides:

> If [the employee] proceeds against [a third party], compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier or other person liable to pay the claim shall have a lien on the amount actually collectable from such other person to the extent of such compensation and medical, surgical and hospital benefits paid.

(Emphasis added.) EBI urges a broad interpretation of § 23–1023(C), arguing essentially that because workers' compensation pays only wage compensation and medical benefits, then necessarily any sum paid in settlement of a claim must be in lieu of such payments. James urges a literal interpretation of this provision, that the amount paid in settlement is not "compensation and medical, surgical and hospital benefits paid."

▪ No cases in Arizona have addressed this issue and the only cases from other jurisdictions shed little light on it. *See Black v. Texas Employers Insurance Ass'n,* 326 F.2d 603 (10th Cir.1964), and *Aetna Life & Casualty v. Estate of Engard,* 218 N.J.Super. 239, 527 A.2d 497 (1986). Left to our own devices, we interpret § 23–1023(C) literally to mean that the carrier has a lien on a claimant's third-party recovery only to the extent of compensation, medical, surgical, and hospital benefits paid by the carrier.

EBI's argument that because a workers' compensation carrier is only liable for wage compensation and medical benefits, any sums paid in settlement must be in lieu of such benefits is colorable. We nevertheless reject it. Settlements by nature involve a quid pro quo. The carrier generally pays the claimant a sum of money in exchange for the claimant giving up or compromising a claimed right. While that sum will usually be in lieu of benefits the claimant might otherwise be awarded, without further direction from the legislature, or without more specific provisions in the settlement agreement, we cannot say that will always be the case, nor can we determine how much of the sum paid was intended to be in lieu of compensation for one

condition as opposed to another. For example, as the ALJ found in the case at bar, it is impossible to determine from the settlement agreement how much of the $10,000 was paid in exchange for James's agreement to close the claim without permanent disability and how much, if any, was paid in exchange for his agreeing that the carrier was not liable for his left knee condition.

There is no risk of discouraging settlement by this ruling when, as here, the matter can be resolved contractually by the settling parties. Nothing in this ruling prevents the parties from specifically providing in the settlement agreement that the carrier has a lien for the settlement amount, that sums paid by the carrier are in lieu of wage compensation and medical benefits, or that benefits are being paid for a specific condition.

▪ Finally, citing 2 Arthur Larson, *The Law of Workmen's Compensation* § 74.-16(a) (1983), EBI argues that our holding will allow the claimant a double recovery in contravention of the purpose of the subrogation statute: to reimburse the carrier for compensation expenditures and to prevent a double recovery on the part of the claimant. *See also Black v. Texas Employers Insurance Ass'n,* 326 F.2d at 605. This argument, however, cuts both ways. The settlement agreement provides that EBI has a future credit in the amount of $10,000 that applies to any future wage compensation benefits which may be awarded to James on this claim. As the agreement stands, should James's claim be reopened for benefits, EBI will recover its $10,000 investment. If we were to rule that it has a lien to the extent of the $10,000 paid in settlement, EBI would stand to recover a total of $20,000. EBI counters that it will "gladly waive its future credit in order to recover the $10,000 lien amount now." Other carriers, however, might not be so generous. Given the long-standing rules that workers' compensation statutes are to be liberally interpreted in favor of the worker, *Bill Breck Dodge v. Industrial Commission,* 138 Ariz. 388, 675 P.2d 275 (1983), and are to be construed so as to advance the purpose of placing the burden of industrial injuries upon

industry as a whole as opposed to the individual, *Peter Kiewit Sons' Co. v. Industrial Commission,* 88 Ariz. 164, 354 P.2d 28 (1960), we believe that the need to prevent double recovery on the part of the carrier is paramount to that of preventing a double recovery on the part of the claimant. A carrier's right to recover is strictly limited to "the amount which it has paid, or is bound to pay in the future, as the result of an award made to the employee, together with its necessary costs in the premises." *Industrial Commission v. Nevelle,* 58 Ariz. 325, 332, 119 P.2d 934, 937 (1941).

The award of March 15, 1993, is affirmed.

ESPINOSA and FERNANDEZ, JJ., concur.