891 P.2d 914

**Anthony MACALUSO, Petitioner Employee,**

**v.**

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Derrick Anderson, a single man, dba Anderson Studios, Respondent Employer,**

**INDUSTRIAL COMMISSION OF ARIZONA, No Insurance Section, Respondent Party in Interest.**

**2 CA–IC 94–0017.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 30, 1994.

Review Granted March 22, 1995.

---

448

Rabinovitz & Associates, P.C. by Bernard I. Rabinovitz and Gregory L. Cohen, Tucson, for petitioner employee.

Anita R. Valainis, Chief Counsel, Indust. Com'n of Arizona, Phoenix, for respondent.

Industrial Com'n of Arizona, No Ins. Section by Ronald M. Anderson, Phoenix, for respondent employer and respondent party in interest.

## OPINION

ESPINOSA, Presiding Judge.

This case presents the question of whether a worker who has requested but not yet received workers' compensation benefits may settle a third-party claim without the approval of the Industrial Commission.

The facts are undisputed. On June 18, 1991, Anthony Macaluso was injured in an automobile accident while in the course of his employment with Anderson Studios. Because Anderson Studios was not covered by workers' compensation insurance, Macaluso's October 1991 claim for compensation was assigned to the Industrial Commission's No Insurance Section. The Industrial Commission denied his claim on January 13, 1992, and three days later Macaluso filed a request for hearing. On February 5, 1992, before filing a third-party action against the driver of the other vehicle involved in the accident and without seeking the approval of the Industrial Commission, Macaluso settled with the driver's insurer for its policy limits of $100,000.

Hearings were held on Macaluso's workers' compensation claim in April, June, and August, 1992. On October 30, 1992, the administrative law judge (ALJ) issued an award finding the claim compensable. Six months later, after Macaluso had still not received any medical or compensation benefits, he filed an A.R.S. § 23–1061(J) request for relief. On December 29, 1993, the ALJ issued a second award, this time finding that because Macaluso had compromised his claim without having received written approval as required by § 23–1023(C), he was barred from receiving workers' compensation benefits. The award was affirmed upon review and Macaluso requested special action review by this court. We affirm.

Section 23–1023(C) gives a carrier a lien on a claimant's third-party recovery to the extent of all compensation and medical benefits paid. It further provides:

> Compromise of any claim by the employee or his dependents at an amount less than the compensation and medical, surgical and hospital benefits provided for shall be made only with written approval of the compensation fund, or of the person liable to pay the claim.

*See also* Ariz.Admin.Code R4–13–120. In *Hornback v. Industrial Commission,* 106 Ariz. 216, 474 P.2d 807 (1970), our supreme court interpreted the phrase "at an amount less than the ... benefits provided for" to mean at an amount less than the amount the claimant could recover as workers' compensation benefits. Thus, although Macaluso had received no benefits at all and could not settle for less than the benefits provided, he was nevertheless required to obtain approval of the settlement. The court in *Hornback* also held that failure to obtain approval of a settlement results in any further workers' compensation being barred. Thus, because Macaluso settled his claim without approval, he is now barred from receiving any workers' compensation benefits.

Macaluso seeks to avoid this result by arguing that, unlike the facts in *Hornback,* which involved a petition to reopen, his claim had not been accepted at the time he settled

his third-party claim, and he never received any workers' compensation benefits. Therefore, he argues, the No Insurance Section has no subrogation rights under § 23–1023(C) and thus no right to approve the settlement. This argument overlooks the fact that once Macaluso filed a claim for workers' compensation benefits, that claim came under the jurisdiction of the Industrial Commission and he was bound by the provisions of the Workers' Compensation Act as well as the Rules of Procedure for Hearings Before the Industrial Commission. See *Inspiration Consolidated Copper Company v. Smith*, 78 Ariz. 355, 280 P.2d 273 (1955); Ariz.Admin.Code R4–13–157.

Because Macaluso violated the provisions of § 23–1023(C), we are bound by the decision in *Hornback* to affirm the award of December 29, 1993, by which he is barred from receiving workers' compensation benefits. His invitation to overturn the ruling in *Hornback* is best addressed to the supreme court.

█ Finally, as to the issue of the extent of the No Insurance Section's lien, we agree with Macaluso that because § 23–1023(C) provides that the lien is on the amount "of such compensation and medical, surgical and hospital benefits paid" and because no benefits have been paid, any lien it has is on nothing. *See EBI Companies v. Industrial Commission*, 178 Ariz. 624, 875 P.2d 857 (App.1994).

Award affirmed.

DRUKE, C.J., and HATHAWAY, J., concur.