999 P.2d 180

Eric A. BOHN, Petitioner.

v.

INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Donald Daye/Zonya Daye, husband and wife, dba Turquoise Construction, Respondent Employers,

Special Fund Division/No Insurance Section, Respondent Party in Interest.

No. CV–99–0076–PR.

Supreme Court of Arizona, En Banc.

April 11, 2000.

As Amended July 6, 2000.

Stephens and Associates By Bill Stephens, Phoenix, Attorneys for Eric A. Bohn.

Anita R. Valainis, Chief Counsel, and Attorney for Industrial Commission of Arizona, Paula R. Eaton, Phoenix, Attorney for Special Fund Division/No Insurance Section, Donald Daye/Zonya Daye, dba Turquoise Construction and Special Fund Division-No Insurance Section

## OPINION.

MARTONE, Justice.

¶ 1 We are asked to decide whether forfeiture of workers' compensation benefits is the consequence of a violation of A.R.S. § 23–1023(C) even where the claim for compensation has been denied. We hold that it is not. Instead, if the compensation provider challenges the value of the unapproved settlement, the burden of proof is on the claimant to prove that he or she compromised the claim for a reasonable amount. Absent such proof, the provider's credit shall be increased to the amount of a reasonable settlement.

## I.

¶ 2 Eric Bohn filed a timely workers' compensation claim after falling through a roof. Bohn's uninsured employer denied having any employees, and the No Insurance Section of the Special Fund Division of the Arizona Industrial Commission (Special Fund) denied the claim. The matter went to hearing, and an administrative law judge (ALJ) found that although Bohn was an employee of his employer, he was not entitled to workers' compensation benefits because he was intoxicated at the time of injury. Bohn sought special action relief in the court of appeals. While the special action was pending, and about nineteen months after the

Special Fund had initially denied Bohn's claim, Bohn, through counsel, settled a third party personal injury action against the owners of the home from which he fell for $16,500. Before settling, Bohn obtained his uninsured employer's approval, but neither sought nor received verbal or written approval from the Special Fund.

¶ 3 More than two months after Bohn compromised his third party claim, the court of appeals set aside the ALJ's denial of compensability, holding that the evidence did not support the intoxication finding. On remand to the Industrial Commission, the ALJ issued an award for a compensable claim, but did not issue notices determining Bohn's average monthly wage and disability status until more than a year after the matter had been remanded. Once issued, however, Bohn protested both determinations and was forced to begin the administrative hearing and review process again.

¶ 4 At the hearing to determine Bohn's correct average monthly wage and the permanency of his disability, the Commission argued, for the first time, that Bohn's claim was barred because he compromised his third party claim without obtaining the Special Fund's written approval. Although the ALJ found in Bohn's favor on his average monthly wage and disability status, she did not address the effect of the third party settlement.

¶ 5 After receiving the award, the Special Fund issued a notice of forfeiture of workers' compensation benefits because of Bohn's unauthorized third party settlement. In response, Bohn requested a hearing alleging that the Commission had refused to abide by the ALJ's decision. The ALJ considered legal memoranda submitted by the parties and issued an award finding a forfeiture. The ALJ reached this result by valuing Bohn's workers' compensation in excess of $24,600, determining that A.R.S. § 23–1023(C) required written approval of the Special Fund, and concluding that without such approval, Bohn forfeited his workers' compensation claim.

¶ 6 Bohn challenged the ALJ's award by seeking special action relief in the court of appeals. Relying upon this court's decision in *Hornback v. Industrial Commission,* 106 Ariz. 216, 474 P.2d 807 (1970) and its own decision in *Macaluso v. Industrial Commission,* 181 Ariz. 447, 891 P.2d 914 (App.1994), a majority of the court of appeals affirmed the forfeiture of the claim. *Bohn v. Industrial Comm'n,* 194 Ariz. 479, 482–84, 984 P.2d 565, 568–70 (App.1999). The dissent argued that the forfeiture rule of *Hornback* ought not to be extended to cases in which the compensation provider denies the claim. *Id.* at 487, 984 P.2d at 573 (Fidel, J., dissenting). Instead, the provider would be allowed to prove to the Commission that the claimant settled the third party claim for an unreasonably low amount. *Id.* If successful, the provider's credit would be enlarged. *Id.* If not, the provider would be limited to the credit that would ordinarily arise from the claimant's settlement. *Id.* We granted review to decide whether *Hornback* should be extended to settings in which a claim has been denied. Rule 23(C)(3), Ariz. R. Civ.App. P.[1]

## II.

¶ 7 We begin with an examination of the relevant statute. Under A.R.S. § 23–1023, a claimant may pursue a civil action against third parties who are responsible for a work-related injury. A.R.S. § 23–1023(A). If the claimant elects this option and ultimately settles a third party claim for less than the total workers' compensation, he may seek to recover the deficiency from the insurance carrier or other person liable to pay the claim, and the carrier or person is entitled to a lien on the amount actually collectable from the third party. § 23–1023(C). If the settlement is for less than the total workers' compensation benefits, however, the settling claimant is statutorily obliged to obtain the "written approval of the compensation fund, or of the person liable to pay the claim." *Id.*

¶ 8 Bohn's lawyer did not comply with these statutory requirements. The third

---

**1.** While the dissent argues that we should overrule *Hornback,* Bohn neither presented this argument to the court of appeals nor raised this issue in his petition for review. This case, therefore, affords us neither the opportunity nor the need to revisit *Hornback.*

party settlement of $16,500 was less than the $24,618.45 value of Bohn's workers' compensation claim, yet the lawyer neither sought nor received written approval from the Special Fund.

¶ 9 A.R.S. § 23–1023(C) does not itself impose a penalty for its violation. We held that forfeiture of the claim was an appropriate remedial option in *Hornback*, 106 Ariz. at 219, 474 P.2d at 810. We did not decide that forfeiture was the only penalty available for all A.R.S. § 23–1023(C) violations, and we decline to do so today.

¶ 10 In *Hornback*, the claimant applied for and received an award for workers' compensation benefits. 106 Ariz. at 218, 474 P.2d at 809. Hornback then sued a third party for his compensable injuries. *Id.* Hornback ultimately settled the third party claim without obtaining the consent of his employer or the Commission, and then sought to reopen his workers' compensation claim. *Id.* at 218–19, 474 P.2d at 809–10. Based on these facts, we identified the "sole issue" to be whether the Commission was required to reopen a claim that had previously been accepted, paid and closed at the time Hornback entered into the unapproved settlement, and we held that the Commission was not required to entertain the petition to reopen. *Id.* at 219, 474 P.2d at 810.

¶ 11 The circumstances in this case are quite different from those in *Hornback*. Unlike Hornback, who had already received workers' compensation benefits at the time he entered into the unapproved settlement, the Special Fund denied Bohn's claim for nineteen months, alleging that he was so intoxicated at the time of injury that he had abandoned his employment. Although this allegation ultimately turned out to be unfounded, the outcome of his special action was uncertain. Because Bohn was still injured, unable to return to work as a roofer, and without compensation benefits when he entered into the unapproved settlement, he was understandably desperate to obtain financial assistance from any source in light of his extensive medical expenses and wage loss.

¶ 12 There is a material difference between the setting in which a workers' compensation provider has accepted, paid and closed a claim before the claimant enters into an unapproved third party settlement, and the setting in which the provider has denied the claim at the time of settlement.

¶ 13 That a provider may contest compensability while simultaneously withholding approval of a third party settlement is harsh enough. To then subject a claim to forfeiture for the claimant's failure to seek approval is simply out of proportion to the nature of the violation. A forfeiture in this setting frustrates the primary purpose of the Workers' Compensation Act. Indeed, where compensation has been denied, claimants who cannot settle their third party claims except upon pain of forfeiture are more likely to require state-funded economic support for themselves and their families.

### III.

¶ 14 Having concluded that forfeiture is inappropriate in the setting of a denial of workers' compensation, what should the consequence of failure to obtain approval be? The dissent in the court of appeals would place the burden of proof on the provider to show that the unapproved settlement amount was unreasonably low. If successful, the provider's credit would be enlarged to the extent the settlement should have been greater. If unsuccessful, the provider would be limited to a credit in the amount of the actual settlement.

¶ 15 We believe the burden should not shift to the provider to prove that the unauthorized third party settlement was unreasonable. Instead, it is the claimant's responsibility to prove the reasonableness of the settlement amount if the provider alleges that the settlement is unreasonably low. Imposing the burden of proof on the claimant and not the provider is preferable because it significantly reduces the prejudice to the party liable to pay the claim. It is the claimant who failed to comply with the approval requirement of A.R.S. § 23–1023(C). Thus, the burden should fall on the non-complying party. Furthermore, it is the claimant who negotiated with the third party and therefore

is in a better position to prove the reasonableness of his or her settlement.

¶ 16 This approach does not impair the compensation provider's subrogation rights, a major purpose of the A.R.S. § 23–1023(C) approval requirement. *See Hornback,* 106 Ariz. at 219, 474 P.2d at 810. The claimant must prove that any unapproved settlement was reasonable. To the extent the settlement was unreasonable, the provider's credit will be increased. Thus, the provider is assured that its reimbursement will not be less than it otherwise would have been, and its subrogation rights are adequately protected.

### IV.

¶ 17 The *Hornback* forfeiture rule applies where the compensation provider has accepted the claim, paid benefits, and acquired a lien before the claimant settles with a third party.[2] But where the provider has denied the claim at the time of the unapproved third party settlement and compensability is later established, the burden is on the claimant to prove that the settlement was reasonable. If reasonable, the provider's credit shall be the amount of the actual settlement. If unreasonable, the provider's credit shall be enlarged to a reasonable settlement amount. We vacate the opinion of the court of appeals and set aside the Industrial Commission's award denying benefits.

CONCURRING: CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, and RUTH V. McGREGOR, Justice.

ZLAKET, Chief Justice, concurring in part, dissenting in part.

¶ 18 I agree with the majority that forfeiture is inappropriate in this case. I would prefer, however, simply to overrule *Hornback v. Industrial Commission,* 106 Ariz. 216, 474 P.2d 807 (1970). It is too harsh, frequently acts as a trap for the unwary, and finds no support in the statutes.[1]

¶ 19 Moreover, I would not put the burden on Bohn to prove the reasonableness of his third party settlement. When the Special Fund elected to deny this claim, it gave up any right that it might have had to a "significantly" reduced risk of "prejudice." *Supra* ¶ 15. It voluntarily assumed the role of a non-participant, and ought not be heard to complain if it were now required to demonstrate that the settlement was unreasonable.

¶ 20 Fixing the burden of proof on the claimant creates an anomalous situation. Without any real jeopardy, providers of benefits are given an incentive to withhold coverage and challenge settlements within the framework of what is intended to be a benevolent system facilitating easy and expeditious compensation for injured workers. *See Aitken v. Industrial Comm'n,* 183 Ariz. 387, 392, 904 P.2d 456, 461 (1995) ("[W]e have consistently applied workers' compensation laws liberally, remedially, and in a manner ensuring that injured employees receive maximum available benefits."). The contradiction defies explanation.

¶ 21 In all other respects, I concur in the majority opinion.

---

**2.** To the extent that *Macaluso v. Industrial Commission,* 181 Ariz. 447, 891 P.2d 914 (App.1994) is inconsistent with this limitation, we disapprove it.

**1.** I disagree with the majority's assertion that no challenge to *Hornback* has been raised here. *See supra* n. 1. That case was the focus of much discussion during oral argument. In response to questioning, claimant's attorney clearly stated that *Hornback* should be overruled, though he conceded that his client could still be afforded relief if the court elected not to go so far. *Hornback* was frequently cited in the briefs and the opinion below, obviously because it lies at the very heart of this matter. Without the forfeiture holding in that case, there would be nothing to decide here. Thus, I believe the continuing validity of the *Hornback* rule has been squarely presented by the instant facts, and I am astonished by the suggestion that we cannot revisit the wisdom of our own earlier decision because the parties have not expressly asked us to do so in their written pleadings.