SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| SHERRY HENDRICKSON,<br><br>        Petitioner Employee,<br><br>              v.<br><br>THE INDUSTRIAL COMMISSION OF<br>ARIZONA,<br><br>        Respondent,<br><br>CONTINENTAL AIRLINES,<br><br>        Respondent Employer,<br><br><br>TRAVELERS INSURANCE COMPANY,<br><br>        Respondent Insurer. | Arizona Supreme Court<br>No. CV-00-0375-PR<br><br>Court of Appeals<br>Division Two<br>No. 2 CA-IC 98-0042<br><br>Industrial Commission<br>of Arizona<br>No. 0000P-102928<br><br>Insurer No. 48846-11076<br><br><br><br>**O P I N I O N** |

Industrial Commission of Arizona
Gary M. Israel, Administrative Law Judge
AWARD VACATED; REMANDED

_____

Court of Appeals, Division Two
MEMORANDUM DECISION
No. 2 CA-IC 98-0042
VACATED

_____

Tretschok & McNamara, P.C.
   By    Patrick R. McNamara                           Tucson
Attorney for Sherry Hendrickson

The Industrial Commission of Arizona
Anita R. Valainis, Chief Counsel                                    Phoenix

Long, Lundmark & Poppe P.A.
    By    R. Todd Lundmark                                         Phoenix
Attorney for Continental Airlines
and Travelers Insurance Company
_____

M c G R E G O R, Vice Chief Justice

¶1      We granted review to consider again the effect of a workers' compensation claimant's failure to obtain written approval for settlement of an action against a third party.  We hold that, under the facts of this case, the forfeiture rule of *Hornback v. Industrial Commission*, 106 Ariz. 216, 474 P.2d 807 (1970), does not apply.  Instead, we apply the equitable approach of *Bohn v. Industrial Commission,* 196 Ariz. 424, 999 P.2d 180 (2000).

## I.

¶2      In 1982, while working as a flight attendant for Continental Airlines, Sherry Hendrickson sustained an injury to both of her temporomandibular joints.  She filed a workers' compensation claim and began receiving benefits from employer Continental Airlines' carrier, the predecessor of Travelers Insurance.  In 1984, John Wenaas, D.D.S., treated Hendrickson by implanting Proplast joints that Vitek, Inc. had manufactured from materials made by E.I. DuPont de Nemours & Co.  Within four years, the implants failed.

¶3      In 1988, Hendrickson filed a civil action against Dr. Wenaas, Vitek, and DuPont.  That action subsequently became

2

consolidated with approximately one hundred other Arizona lawsuits involving failed Proplast implants. Several years into the litigation, Vitek sought bankruptcy relief. Hendrickson received a distribution from the bankruptcy proceedings, and the court dismissed Vitek from the Proplast action. In 1992, the court dismissed Dr. Wenaas from the action, pursuant to a stipulation between Hendrickson and Dr. Wenaas. Hendrickson did not seek Travelers' approval to settle the claim against Dr. Wenaas, a failure that Travelers argues violated Arizona Revised Statutes (A.R.S.) section 23-1023.C.[1]

¶4      DuPont, which had successfully defended many similar Proplast lawsuits in other states, received summary judgment in its favor in 1995. In exchange for a promise not to pursue a $78,000 costs judgment in its favor, DuPont offered Hendrickson and the other plaintiffs a settlement of $750 each. Without obtaining Travelers' written approval, Hendrickson accepted DuPont's settlement offer.

¶5      In September 1996, Travelers sought to close Hendrickson's compensation claim with no determination as to permanent impairment or the need for supportive care. Hendrickson

---

[1]      Section 23-1023.C provides, in pertinent part, that "[c]ompromise of any claim by the employee or his dependents at an amount less than the compensation and medical, surgical and hospital benefits provided for shall be made only with written approval of the compensation fund, or of the person liable to pay the claim."

3

opposed the closure, and a hearing before the Industrial Commission (the Commission) followed. The administrative law judge, relying on *Hornback,* held that Hendrickson's failure to comply with section 23-1023.C resulted in her forfeiture of any additional workers' compensation benefits. The judge affirmed this award on review, and Hendrickson filed a statutory special action in the Court of Appeals.

¶6 The Court of Appeals held that because Hendrickson's acceptance of the settlement payment from DuPont acted as a compromise of her claim within the purview of section 23-1023.C, *Hornback* required the forfeiture of future benefits. *Hendrickson v. Indus. Comm'n*, No. CA-IC 98-0042, slip op. at 5 ¶ 9 (Sept. 28, 2000). We granted review to determine the effect of Hendrickson's failure to obtain Travelers' prior written approval of her settlement with DuPont and her agreement to dismiss Dr. Wenaas. We exercise jurisdiction pursuant to Arizona Constitution Article VI, Section 5.3 and Rule 23 of the Arizona Rules of Civil Appellate Procedure.

## II.

¶7 An employee injured in the course of his employment by a third party may pursue a civil remedy against that third party, even if the employee also seeks benefits through the workers' compensation system. A.R.S. § 23-1023.A (1995). If the employee recovers against a third party, the carrier or other party liable

4

to pay workers' compensation benefits obtains a lien on the recovery equal to the compensation award, thereby preventing double recovery for the claimant. A.R.S. § 23-1023.C. If the employee compromises his claim against the third party, he can substantially affect the carrier's rights. By compromising his claim, he "not only releases the third party from further liability but he also cuts off the insurance carrier's subrogation rights against the third party." *Hornback*, 106 Ariz. at 219, 474 P.2d at 810. To protect the carrier from the effect of an employee's decision to compromise a third-party claim for less than its value, the statute requires the claimant to obtain written approval from the person liable to pay workers' compensation benefits prior to compromising a third-party claim "at an amount less than the compensation . . . benefits." A.R.S. § 23-1023.C. Although section 23-1023.C requires that a workers' compensation claimant receive written approval prior to settling a claim against a third party, the statute does not specify the penalty that attaches to a failure to comply with the approval requirement.

¶8     We have previously been asked to fashion an enforcement mechanism to encourage compliance with section 23-1023.C. In *Hornback*, we concluded that an employee who failed to obtain approval was not entitled to reopen his compensation claim, which effectively resulted in a forfeiture of his right to future benefits. 106 Ariz. at 218, 474 P.2d at 809.

5

¶9      After our decision in *Hornback*, other jurisdictions with statutes similar to section 23-1023.C adopted varying approaches to resolve the questions related to a claimant's failure to obtain approval of a third-party settlement.  Some states held, as we did in *Hornback*, that an injured employee forfeits compensation benefits if he settles a tort action without the knowledge or approval of his employer or its insurer.  *See, e.g., Peterkin v. Curtis, Inc.*, 729 P.2d 977, 981 (Colo. 1986)(relying on *Hornback*); *Vincent v. Geneva Pizza Inc.*, 602 N.Y.S.2d 220, 221 (App. Div. 1993); *Safety-Kleen Corp. v. Van Hoy*, 300 S.E.2d 750, 753 (Va. 1983).   Other states have rejected the argument that an unauthorized settlement requires an employee to forfeit his benefits.  *See, e.g., Cook v. A.H. Davis & Son, Inc.*, 567 A.2d 29, 31 (Del. Super. Ct. 1989); *Ankney v. Franch*, 652 A.2d 1138, 1150-51 (Md. Ct. Spec. App. 1995), *rev'd on other grounds* 670 A.2d 951 (Md. Ct. App. 1996)(holding that when an employee settles a third-party action *after* filing a workers' compensation claim and receiving compensation benefits, forfeiture is not the proper remedy unless the employer can show that it suffered material prejudice as a result of the settlement).  Still other states have held that unauthorized settlement agreements result in invalidation of the settlement rather than forfeiture of workers' compensation benefits.  *See Nelson v. Dep't of Natural Res.*, 305 N.W.2d 317, 319 (Minn. 1981); *Fogleman v. D & J Equip. Rental, Inc.*, 431 S.E.2d

6

849, 852 (N.C. Ct. App. 1993).

¶10     During the years since we decided *Hornback*, its holding has determined the outcome of many actions before the Industrial Commission and Court of Appeals, although the factual situations in those actions may have been less extreme than that in *Hornback*. We recently considered, therefore, whether the *Hornback* result applies to all cases in which a claimant fails to obtain the authorization required by statute. In *Bohn*, we held that the claimant, who had been denied workers' compensation benefits and who later settled with a third party without approval, did not forfeit all future benefits. 196 Ariz. at 426 ¶¶ 13-14, 999 P.2d at 182 ¶¶ 13-14.

¶11     The facts underlying Bohn's claim varied considerably from those of Hornback's claim. Although we did not limit the *Hornback* holding to situations in which the claimant acted in a clearly unreasonable manner, we intimated that forfeiture was warranted because Hornback purposefully waited to reopen his claim until after he had settled the third-party action. *See Hornback*, 106 Ariz. at 221, 474 P.2d at 812. Hornback had received benefits and the Commission had closed his case without a finding of permanent disability. *Id.* at 218, 474 P.2d at 809. He then experienced additional injuries allegedly related to his claim. Rather than immediately seek to reopen his claim, he pursued a third-party action and obtained a sizeable settlement. *Id.* Only then did he seek to reopen his claim, basing his request on the

7

same injuries for which he had recovered in the third-party action. *Id*. at 218-19, 474 P.2d at 809-10.  He thus cut off the carrier's subrogation rights before seeking additional workers' compensation benefits.  Under those circumstances, we held that the Commission justifiably refused to reopen his claim.  *Id*. at 221, 474 P.2d at 812.

**¶12**      In *Bohn*, we noted that forfeiture is not the only possible remedy for a violation of section 23-1023.C.  196 Ariz. at 426 ¶ 9, 999 P.2d at 182 ¶ 9.  Bohn, whose claim for benefits had been denied, entered into an unapproved third-party settlement agreement.  *Id*. at 424-25 ¶ 2, 999 P.2d at 180-81 ¶ 2.  Although he eventually received workers' compensation benefits, at the time he settled the third-party action he was unable to return to his former job and desperate to obtain financial assistance.  *Id.* at 426 ¶ 11, 999 P.2d at 182 ¶ 11.

**¶13**      Under those circumstances, rather than approve the forfeiture of his benefits, we applied an equitable solution that allowed the injured employee to receive compensation while ensuring that the carrier was not prejudiced by the unauthorized settlement. *Id*. at 426-27 ¶¶ 14-16, 999 P.2d at 182-83 ¶¶ 14-16.  We held that a claimant who compromises a third-party claim without prior authorization bears the burden of showing that the settlement was reasonable.  *Id*.  If the claimant cannot prove he settled for a reasonable amount, the carrier's credit increases to the amount of

8

a reasonable settlement. *Id.* at 427 ¶ 16, 999 P.2d at 183 ¶ 16. That approach does not impair the carrier's subrogation rights because the carrier receives the full benefit of a reasonable settlement amount. At the same time, the claimant retains access to those workers' compensation benefits to which he is entitled, but does not receive a double recovery.

### III.

¶14 We turn now to the proper penalty for Hendrickson's failure to obtain Travelers' approval prior to accepting DuPont's settlement offer and stipulating to Dr. Wenaas's dismissal from the third-party action. We conclude that forfeiture is inappropriate and apply the approach we approved in *Bohn*.

¶15 The facts underlying Hendrickson's compensation claim and third-party action fall somewhere between *Hornback* and *Bohn*. Hendrickson, unlike Bohn, had not been denied benefits when she compromised her third-party claim. But, unlike Hornback, she did not first resolve her third-party claim and then attempt to reopen her compensation claim. Rather, when she settled with DuPont, she was receiving benefits for the same injuries that were the subject of the third-party action. In addition, she recovered a minimal amount from her third-party action, particularly when compared to the substantial amount of compensation benefits to which she may be entitled. Under these circumstances, we conclude that requiring Hendrickson to forfeit her compensation benefits would be contrary

9

to the remedial purpose of our workers' compensation law. Moreover, Travelers does not face any loss of the value of its subrogation rights. If Hendrickson accepted an unreasonably low amount to settle her third-party action, Travelers' credit will be increased to the reasonable settlement amount.

**IV.**

¶16     Hendrickson also challenges the administrative law judge's conclusion that section 23-1023.C required her to obtain approval before agreeing to dismiss her claim against Dr. Wenaas, arguing that dismissal of a claim is not a "compromise" under the terms of the statute. We find no reason to exempt the agreement with Dr. Wenaas from the statutory approval requirement.

¶17     Dr. Wenaas was dismissed from the Proplast action not because Hendrickson had failed to state a claim against him,[2] but rather pursuant to a stipulation with Hendrickson. We have defined a compromise as an "agreement between two or more persons who, for the purpose of preventing or putting an end to a lawsuit, adjust their differences by mutual consent in the manner which they agree on." *Brecht v. Hammons*, 35 Ariz. 383, 389, 278 P. 381, 383 (1929), *disapproved on other grounds by Ariz. Pub. Serv. Co. v. S. Union Gas Co.*, 76 Ariz. 373, 382, 265 P.2d. 435 (1954). Certainly a stipulation to dismiss an action embodies an agreement for purposes

---

[2]     *See* Arizona Rules of Civil Procedure 12(b)(6).

10

of putting an end to a legal action.  According to testimony during the administrative proceedings, Hendrickson agreed to dismiss the action against Wenaas in exchange for his agreement to provide favorable testimony in the action against DuPont and Vitek.  The agreement thus involved a detriment to Hendickson and a benefit to Dr. Wenaas.  Moreover, Hendickson's stipulation to dismiss Dr. Wenaas ended Travelers' subrogation rights against him.  The stipulation to dismiss Dr. Wenaas thus worked a "compromise" of a third-party claim.

¶18    The administrative law judge did not consider whether Hendrickson reached a reasonable compromise of her claims against DuPont and Dr. Wenaas.  On rehearing, the judge should consider whether, in light of the circumstances involved, an agreement to accept $750 from DuPont and to dismiss Dr. Wenaas without payment of any amount constituted reasonable settlements of the third-party claims.  If the amounts are less than reasonable, Travelers will receive additional credit.

V.

¶19    Our holding today emphatically does not alter the duty of a workers' compensation claimant or his attorney to comply with section 23-1023.C and seek written approval prior to compromising a third-party claim.  The fact that a claimant may suffer no financial impact from disregarding the direction of the statute does not lessen his lawyer's obligation to follow the law as set

11

out in section 23-1023.C.  In addition, although many, perhaps most, factual circumstances will require that the effect of an unauthorized compromise of a third-party claim will be determined by the *Bohn* approach, egregious situations like that considered in *Hornback* may result in the forfeiture of workers' compensation benefits.

**VI.**

¶20      For the foregoing reasons, we vacate the decisions of the Industrial Commision and of the Court of Appeals.  We remand to the Industrial Commission for further proceedings consistent with this opinion.

_____
                    Ruth V. McGregor, Vice Chief Justice

CONCURRING:

_____
Charles E. Jones, Chief Justice

_____
Stanley G. Feldman, Justice

_____
Thomas A. Zlaket, Justice (Retired)