David T. ADAMS, Relator,

v.

DSR SALES, INC., and Milwaukee Insurance Group, Respondents.

No. A06–1402.

Supreme Court of Minnesota.

Feb. 15, 2007.

David R. Vail, Soderberg & Vail, L.L.C., Minneapolis, MN, for Relator.

Daniel A. Lively, Bloomington, MN, for Respondents.

OPINION

PAGE, Justice.

This workers' compensation matter is before us on certiorari of David T. Adams to review a decision of the Workers' Compensation Court of Appeals (WCCA) affirming, by majority decision, an award of a credit to DSR Sales, Inc., and its workers' compensation liability insurer, Milwaukee Insurance Group/Unitrin, for workers' compensation benefits against the employee's net settlement recovery in a third-party action. Concluding that the settlement recovery is subject to the statutory distribution formula, we reverse and remand.

On June 23, 2002, David Adams sustained injuries arising out of and in the course of employment with DSR Sales, Inc., when the motorcycle he was riding was involved in a collision with an automobile. Initially, Milwaukee Insurance/Unitrin denied liability, and Adams filed a claim for workers' compensation benefits. Adams also commenced a personal injury action against the driver of the other vehicle involved in the collision. Milwaukee Insurance/Unitrin had actual notice of the third-party action. While the workers' compensation claim was pending, Adams settled the tort claim, giving the driver of the automobile a general release in exchange for $100,000, which represented the limits of the insurance policy covering the other driver.[1] In settling the claim with the other driver, Adams failed to give notice of his intent to settle that claim to DSR Sales or Milwaukee Insurance/Unitrin, as required by Minn.Stat. § 176.061, subd. 8a (2006).

By the time Adams' workers' compensation wage-loss claims came on for hearing, the parties had agreed that Adams was entitled to wage-loss benefits in the amount of $20,550, representing 27.4 weeks of temporary total disability. Issues still in dispute included whether Milwaukee Insurance/Unitrin was entitled to a subrogation credit from Adams' third-party settlement recovery and, if so, the amount of the credit. The compensation judge found that Adams had not given notice of third-party settlement negotiations to Milwaukee Insurance/Unitrin; that Adams failed to rebut a presumption of prejudice resulting from lack of notice; and that pursuant to *Womack v. Fikes of Minn.*, 61 Minn. Workers' Comp. Dec. 574, 587 (WCCA), *aff'd without opinion*, 636

N.W.2d 795 (Minn.2001), Adams forfeited his statutory one-third of the recovery, leaving the entire net proceeds of the settlement ($62,667) available as a credit to Milwaukee Insurance/Unitrin for workers' compensation benefits. On appeal, by panel majority, the WCCA affirmed with modification to the calculations of the credit and attorney fees. *Adams v. DSR Sales, Inc.*, No. WC05–287, 2006 WL 2039964, *5–6 (Minn. WCCA June 28, 2006).

■ On certiorari review, Adams challenges the penalty for lack of notice. He argues, among other things, that the *Womack* forfeiture, which in effect would allow the employer to satisfy its subrogation interest before the employee could obtain any recovery, has no support in the law governing the subrogation rights of employers and their insurers. Questions of law are reviewed de novo. *Busch v. Advanced Maint.*, 659 N.W.2d 772, 776 (Minn.2003).

■ Under the Workers' Compensation Act, every employer is liable to pay compensation for an employee's personal injury or death arising out of and in the course of employment. Minn.Stat. § 176.021, subd. 1 (2006). The employer's liability "is exclusive and in the place of any other liability to such employee." Minn.Stat. § 176.031 (2006). "When a compensable injury is caused by a party other than the employer, the Act gives the employee a right to workers' compensation benefits from the employer while preserving the employee's common law right of action against the tortfeasor." *Conwed Corp. v. Union Carbide Chems. & Plastics Co.*, 634

---

1. The proceeds of the settlement were distributed as follows:

| | |
|---|---:|
| Settlement amount: | $ 100,000.00 |
| Less one-third attorney fees | 33,333.00 |
| Less costs | 4,000.00 |
| Balance to Adams | $ 62,667.00 |

N.W.2d 401, 406 (Minn.2001); *see* Minn. Stat. § 176.061, subd. 5 (2006).

Minnesota Statutes § 176.061, subd. 5(a), provides that the employer is subrogated to the rights of the employee and that if the employee fails to prosecute the action diligently or if the court deems it advisable to protect the interests of the employer, the court may permit the employer to intervene. The employer may maintain a separate action or continue the action already instituted. Id. Whether the action is prosecuted by the employee or the employer, the proceeds are distributed according to a statutory formula that allocates roughly one-third to the employee after deduction of the expenses of collec-

tion, the remainder to reimburse the employer for compensation paid, and any balance remaining thereafter to the employee with a credit to the employer against future compensation payable. Minn.Stat. § 176.061, subd. 6 (2006).[2] The employer's credit is also reduced by the costs of collection. *Snyder v. Yellow Freight Sys.*, 683 N.W.2d 788, 790–91 (Minn.2004).

In order to protect the employer's and insurer's subrogation interests, an employee who institutes a third-party action must serve a copy of the complaint and notice of trial on the employer or insurer, and any judgment rendered in the action is subject to a lien of the employer for the amount of its statutory subrogation interest. Minn. Stat. § 176.061, subd. 8a.[3] An employee

---

**2.** The statutory formula in Minn.Stat. § 176.061, subd. 6, provides as follows:

The proceeds of all actions for damages or of a settlement of an action under this section, except for damages received under subdivision 5, clause (b) received by the injured employee or the employee's dependents or by the employer or the special compensation fund, as provided by subdivision 5, shall be divided as follows:

(a) After deducting the reasonable cost of collection, including but not limited to attorneys fees and burial expense in excess of the statutory liability, then

(b) One-third of the remainder shall in any event be paid to the injured employee or the employee's dependents, without being subject to any right of subrogation.

(c) Out of the balance remaining, the employer or the special compensation fund shall be reimbursed in an amount equal to all benefits paid under this chapter to or on behalf of the employee or the employee's dependents by the employer or special compensation fund, less the product of the costs deducted under clause (a) divided by the total proceeds received by the employee or dependents from the other party multiplied by all benefits paid by the employer or the special compensation fund to the employee or the employee's dependents.

(d) Any balance remaining shall be paid to the employee or the employee's dependents, and shall be a credit to the employer or the special compensation fund for any benefits

which the employer or the special compensation fund is obligated to pay, but has not paid, and for any benefits that the employer or the special compensation fund is obligated to make in the future.

There shall be no reimbursement or credit to the employer or to the special compensation fund for interest or penalties.

**3.** Minnesota Statutes § 176.061, subd. 8a, provides:

In every case arising under subdivision 5, a settlement between the third party and the employee is not valid unless prior notice of the intention to settle is given to the employer within a reasonable time. If the employer or insurer pays compensation to the employee under the provisions of this chapter and becomes subrogated to the right of the employee or the employee's dependents or has a right of indemnity, any settlement between the employee or the employee's dependents and the third party is void as against the employer's right of subrogation or indemnity. When an action at law is instituted by an employee or the employee's dependents against a third party for recovery of damages, a copy of the complaint and notice of trial or note of issue in the action shall be served on the employer or insurer. Any judgment rendered in the action is subject to a lien of the employer for the amount to which it is entitled to be subrogated or indemnified under the provisions of subdivision 5.

cannot enter into an agreement with a third-party tortfeasor in full settlement of the employer's right of subrogation without consent or over objection of the employer or insurer, and any such settlement is void. *Jackson v. Zurich Amer. Ins. Co.,* 542 N.W.2d 621, 624 (Minn.1996).

An employee may, after notice to the employer, settle claims for damages not subject to the employer's subrogation right, in which case he "waives his statutory right to one-third of the employer's net recovery from the third-party." *Naig v. Bloomington Sanitation,* 258 N.W.2d 891, 894 (Minn.1977). But if the employee does not give notice of settlement negotiations to the employer, the lack of notice is presumptively prejudicial and the employer is entitled to a credit against the *Naig* settlement recovery:

> [N]otice of settlement negotiations for a *Naig* settlement must be given to the employer-insurer in a manner and at a time such that the employer-insurer has a reasonable opportunity to participate in the negotiations and to appear or intervene in any litigation to protect its interests. We further hold that lack of notice is presumptively prejudicial to the employer, and, if the presumption is not rebutted by the employee, the employer is entitled to a credit for future compensation payable against the employee's *Naig* settlement recovery.

*Easterlin v. Univ. of Minn.,* 330 N.W.2d 704, 708 (Minn.1983). The employer in *Easterlin* sought allocation of the settlement proceeds pursuant to the statutory distribution formula. *Id.* at 706.

In *Womack,* the WCCA decided that in cases in which the employee failed to give notice to his employer of the institution of a third-party suit and trial, as required by Minn.Stat. § 176.061, subd. 8a, forfeiture of the statutory one-third of the net verdict was an appropriate penalty. *Womack,*

61 Minn. Workers' Comp. Dec. at 587. The WCCA articulated that this disposition was based on *Easterlin:*

> In a *Naig* settlement situation, all the non-subrogable damages are protected if the employee gives notice. If notice is not given, those damages are fully available, less attorney fees, to create a credit. In a verdict or non-*Naig* settlement situation, where the one-third portion of the statutory formula would most likely be used, the employee, if he has given appropriate notices of the institution of suit and of trial, can protect one-third of his net recovery, after deducting the cost of recovery. If he fails to give notice in a situation where he might use a one-third deduction, then his penalty should be the loss of his right to protect that one-third interest in the net recovery. In addition, if the employee were permitted to use the one-third deduction portion of the statutory credit calculation, at least in this case, he would be able to protect some portion of the non-subrogable damages contained in the recovery. Based on *Naig* and *Easterlin,* the entire amount of the non-subrogable damages is not protected from the credit calculation. As well, there is no reason to permit the employee to protect some part of the subrogable portions of the recovery by use of the arbitrary one-third deduction. * * * We think this is an appropriate penalty to an employee for failure to provide the required notices.

61 Minn. Workers' Comp. Dec. at 587–88 (footnote omitted).

■ *Easterlin* does not, in our view, either explicitly or implicitly authorize or support the proposition found in the WCCA's *Womack* decision, that the failure to provide statutory notice under section 176.061, subdivision 8a, results in a penalty to the employee amounting to a dollar-for-

dollar offset for workers' compensation benefits of the entire net tort recovery. As we read *Easterlin,* when there is no notice and the presumption of prejudice is not rebutted, the employer and insurer are entitled to have the statutory distribution formula applied to the *Naig* settlement proceeds. *Easterlin,* 330 N.W.2d at 706, 708.[4]

■ Minnesota Statutes § 176.061, "taken as a whole, presents a comprehensive plan for asserting the claims of both employer and employee against third parties and for distributing any sums recovered." *Allstate Ins. Co. v. Eagle–Picher Indus., Inc.,* 410 N.W.2d 324, 327 (Minn. 1987). Generally, when an employer is not notified of settlement negotiations in a third-party action, any settlement that results in a release of subrogated claims is void as to the employer and the employer shares in the settlement according to the statutory formula. *See Paine v. Water Works Supply Co.,* 269 N.W.2d 725, 731 (Minn.1978) (holding that in dramshop settlement of claims to which the employer was subrogated, employer was entitled to a credit as computed in accord with Minn. Stat. § 176.061, subd. 6); Minn.Stat. § 176.061, subds. 5(a), 8a. We therefore hold that, pursuant to this comprehensive plan, the settlement proceeds of Adams' third-party action are to be calculated in accordance with Minn.Stat. § 176.061, subd. 6.

It may be that in certain situations a claimant's failure to provide notice of set-

tlement would be sufficiently egregious and prejudicial to warrant a penalty in the nature of a forfeiture. At the same time, there may be cases in which forfeiture would be inappropriate, particularly when the settlement is reasonable and the employer suffers no loss of value to its subrogation rights. *Cf. Hendrickson v. Industrial Comm'n,* 202 Ariz. 442, 46 P.3d 1063, 1066 (2002) (stating that claimant's unauthorized settlement did not require forfeiture of workers' compensation benefits unless the settlement was unreasonable, in which case the insurer's credit would be increased to a reasonable settlement amount). Nevertheless, Minnesota's statutory scheme provides for invalidation of the settlement rather than forfeiture; and any deviation should come from the legislature rather than the court.[5] The decision of the WCCA is reversed and the matter remanded for recalculation of the credit.

Reversed and remanded.

Employee is awarded $1,600 in attorney fees.

MEYER, J., took no part in the consideration or decision of this case.

---

4. Although we summarily affirmed the WCCA in the *Womack* decision, *Womack* does not represent a definitive statement of the law of Minnesota until adopted by this court. *See Hoff v. Kempton,* 317 N.W.2d 361, 366 (Minn. 1982) (explaining that, "[s]ummary affirmances have no precedential value because they do not commit the court to any particular point of view," doing no more than establishing the law of the case). We now specifi-

cally reject the rationale of *Womack v. Fikes of Minn.*

5. An effective subrogation provision provides the employee "an incentive to sue the third party, and particularly to strive for the fullest possible damage recovery." 6 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 116.02 (2006). Minnesota's distribution formula provides that incentive.